**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MICHELLE L. MORIARTY,

Plaintiff,

v.

AMERICAN GENERAL LIFE INSURANCE COMPANY *et al.*,

Defendants.

Case No. 17-CV-1709-BTM(WVG)

PROTECTIVE ORDER

[Doc. Nos. 56, 58.]

To facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, privacy and/or contractual rights, the Court orders as follows:

1. For purposes of this Protective Order, the words below shall have the following meanings:

   a. "Proceeding" means the above-entitled proceeding, *Michelle L. Moriarty v. American General Life Insurance Company et al.*, Southern District of California, Case No. 17-CV-1709-BTM(WVG).

   b. "Court" means the Hon. Barry T. Moskowitz, Hon. William V. Gallo, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceeding.

c. “Counsel” and/or “Attorney of record” shall mean any attorney representing a Party to this Proceeding.

d. The term “Discovery Material” includes, but is not limited to: Documents, Information, Testimony and transcripts thereof, tangible things, or responses to requests for production that are (a) served or produced by a party to the above-captioned Proceeding, or (b) produced by a non-party to this Proceeding pursuant to subpoena or other request, formal or informal. “Discovery Material” does not include Documents, Information, Testimony and/or transcripts otherwise available to the parties.

e. “Documents” means (i) any “Writing,” “Recording,” “Original,” and “Duplicate,” as those terms are defined by Federal Rule of Evidence Sections 1001, which have been produced in discovery in this Proceeding by any entity and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

f. “Information” means the content of Documents or Testimony.

g. “Testimony” means all depositions, declarations, or other testimony taken or used in the Proceeding.

h. “Confidential” means designated Discovery Material that is or contains confidential or proprietary information, including, but not limited to: personal, personnel, financial, compensation, trade secrets, competitively sensitive, proprietary, customer, client, investor, or other non-public information, which is in the possession of a Designating Party who believes in good faith that such Discovery Material is entitled to confidential treatment under applicable law. This itemized list is not exhaustive and the parties may supplement or amend this list in good faith.

i. “Confidential Materials” means Discovery Material designated as “Confidential” pursuant to the provisions of this Protective Order. “Confidential Materials” does not include materials otherwise available to the parties.

j. “Highly Confidential” means Confidential Discovery Material which belongs to a Designating Party who believes in good faith that the Disclosure of such information to another Party or non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means. “Highly Confidential” does not include materials otherwise available to the parties.

k. “Highly Confidential Materials” means any Discovery Material designated as “Highly Confidential,” pursuant to the provisions of this Protective Order.

l. “Designating Party” means the Party that designates the Discovery Material as “Confidential” or “Highly Confidential.”

m. “Disclose” or “Disclosed” or “Disclosure” means, to reveal, divulge, give, or make available Discovery Materials, or any part thereof, or any information contained therein during the course of this litigation and as a product of the discovery produced in this litigation.

2. The Designating Party shall have the right to designate as “Highly Confidential” only the non-public Discovery Material that the Designating Party in good faith believes would create a substantial risk of serious financial or other injury if Disclosed to another Party or non-Party, and that such risk cannot be avoided by less restrictive means, and which is not otherwise available and accessible to the parties.

3. The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including, but not limited to, any Party’s right to assert

the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Discovery Material to be designated as "Confidential" or "Highly Confidential" must be clearly so designated before the Discovery Material is Disclosed or produced. To the extent possible, any designation of materials as "Confidential" or "Highly Confidential" should not preclude production of materials which are not confidential. The parties may agree that a case name and number are to be part of the "Highly Confidential" designation. The "Confidential" or "Highly Confidential" designation should not obscure or interfere with the legibility of the designated information and should not include designation of materials which are not "confidential" or "Highly confidential."

a. For Documents (apart from transcripts or depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential" on each page of any Document containing such designated material. Any page or portion of a Document that does not have affixed the legend "Confidential" or "Highly Confidential" will not be considered Confidential or Highly Confidential.

b. For Testimony given in depositions, the Designating Party may either:

i. identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential" Testimony, by specifying all specific questions and/or answer or portions of the Testimony that qualify as "Confidential" or "Highly Confidential"; or

ii. designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days

following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Highly Confidential" Information may be separately bound by the court reporter, who must affix the top of each page the legend "Confidential" or "Highly Confidential," as instructed by the Designating Party.

iii. If no designation is asserted within 30 days following receipt of the deposition transcript, it will be presumed that no testimony is deemed "Confidential" or "Highly Confidential."

c. For Information produced in some form other than Documents, such as ESI, and for any other tangible items, including, without limitation, compact discs or DVD's, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Highly Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall specifically identify "Confidential" or "Highly Confidential" portions.

5. The inadvertent production by any of the undersigned parties or non-parties to the Proceeding of any Document, Testimony, or Information during discovery without a "Confidential" or "Highly Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Discovery Material that is subject to a "Confidential" or "Highly Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the

subject Discovery Material designated as "Confidential" or "Highly Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Discovery Material shall promptly segregate and eliminate access to such materials and then, after notice, agreement by the parties or instruction by the Court, destroy the inadvertently produced Discovery Material and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Discovery Material to counsel for the producing Party, who thereafter shall retain only the "Confidential" or "Highly Confidential" materials. Should the receiving Party choose to destroy such inadvertently produced Discovery Material, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Discovery Material protected by attorney-client or work product privileges. In the event this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Discovery Materials, such law shall govern.

6. If counsel for a Party receiving Discovery Materials in discovery designated as "Confidential" or "Highly Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Discovery Material to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Discovery Material pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Discovery Material addressed by the Designation Objections (the "Designation Motion"). Pending

a resolution of the Designation Motion by the Court, any and all existing designations on the Discovery Material at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Highly Confidential" designation. In the event the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Discovery Material shall be de-designated in accordance with the Designation Objection applicable to such material.

7. Access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

a. the Court;

b. (1) Attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party; (2) In-house counsel to the undersigned parties and the paralegal, clerical and secretarial staff employed by such counsel; and (3) contractors and outside copying services utilized by the attorneys of record in the Proceeding, who are working on this Proceeding (or any further proceedings herein). Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms;

c. those officers, directors, partners, members, employees, an agents of all non-designating parties that counsel for such parties deem necessary to aid counsel in the prosecution and defense of this Proceeding, provided, however, that prior to the Disclosure of Confidential Material to any such officer, director, partner, member, employee or agent, counsel for

the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a state in the form of the attached hereto as Attachment A;

d. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

e. any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

f. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential materials, provided, however, that each such witness given access to Confidential materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms.

g. outside experts or expert consultants consulted by the undersigned parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing, provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Attachment A; and

h. any other person or entity the Designating Party agrees to in writing.

8. Access to and/or Disclosure of Highly Confidential materials shall be permitted

only to the following persons or entities:

a. Trial Counsel for the parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this Proceeding (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the Highly Confidential Materials be Disclosed for purposes of this Proceeding. Such employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Protective Order. "Trial Counsel," for purposes of this Paragraph, shall mean outside retained counsel and shall not include in-house counsel to the undersigned parties and the paralegal, clerical and secretarial staff by such in-house counsel.

b. outside experts or expert consultants consulted by the undersigned parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing, provided, however, that prior to the Disclosure of Highly Confidential Materials to any such expert or expert consultant, the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a state in the form of the attached hereto as Attachment A prior to the Disclosure of Highly Confidential Materials. It shall be the obligation of Trial Counsel, upon learning of any breach of threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify Trial Counsel for the Designating Party of such breach or threatened breach.

c. any person who authored, received, saw or was familiar with Discovery

Material or thing designated "Highly Confidential," including any person otherwise familiar with the Highly Confidential Information contained therein, but only to the extent of that person's prior familiarity with the Highly Confidential Information.

d. court reporters in this Proceeding (whether at deposition, hearings, or any other proceeding); and

e. the Court.

9. Confidential Materials and Highly Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

10. A Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.

11. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

a. operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" or "Highly Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b. prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

i. to seek a determination by the Court of whether any particular Confidential Material or Highly Confidential Material should be subject to protection under the terms of this Protective Order; or

ii. to seek relief from the Court on appropriate notice to all other

parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any particular Document, Material or Information.

12. Any Party to the Proceeding who has not executed this Protective Order as of the time it is presented to the Court for signature may thereafter become a party to this Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other parties to this Protective Order.

13. Any information that may be produced by a non-party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" or "Highly Confidential" under the terms of this Protective Order, and any such designation by a non-party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned parties hereto. Any such designation shall also function as consent by such producing non-party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Protective Order.

14. If any person subject to this Protective Order who has custody of any Confidential Materials or Highly Confidential Materials receives a subpoena or other process ("Subpoena") form any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials or Highly Confidential Materials,

and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Confidential Materials or Highly Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena.

15. Nothing in the Protective Order shall be construed to preclude either Party for asserting in good faith that certain Confidential Materials or Highly Confidential Materials require additional protection. The parties shall meet and confer to agree upon the terms of such additional protection.

16. If, after execution of this Protective Order, any Confidential Materials or Highly Confidential Materials submitted by a Designating Party under the terms of this Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by the Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials or Highly Confidential Materials to the immediate attention of the Designating Party.

17. This Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Protective Order to any Confidential Materials or Highly Confidential Materials designated by that Party.

18. Where any Confidential Materials or Highly Confidential Materials, or Information derived therefrom, are included in any motion or other proceeding governed by Federal Rule of Civil Procedure 5.2, the parties and any involved non-party shall follow those rules. Further, no document shall be filed under seal unless Counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing Counsel, and on the person or entity that has custody and control of the document, if different from opposing Counsel. If opposing Counsel, or the

person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application to notify the judge's staff that an opposition to the application will be filed.

19. The parties shall meet and confer regarding the procedures for use of Confidential Materials or Highly Confidential Materials at trial and shall move the Court for entry of an appropriate order.

20. Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Materials or Highly Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials or Highly Confidential Materials.

21. This Protective Order shall continue to be binding after the conclusion of the Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek written permission of the Designating Party or may move the Court for relief from the provisions of this Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after the Proceeding is terminated.

22. Upon written request served upon all parties made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned parties shall have thirty (30) days to either (a) promptly return to Counsel for each Designating Party all Confidential Materials and Highly Confidential Materials, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such materials, or (c) as to

any Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. If no written request is made, the parties and their Counsel shall continue to maintain any materials consistent with the terms and conditions of this agreement. To the extent permitted by law, the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

23. After this Protective Order has been signed by counsel for Defendants and Plaintiff, it shall be presented to the Court for entry. The parties agree to be bound by the terms herein with regard to any Confidential Materials or Highly Confidential Materials that have been produced before the Court signs this Protective Order.

24. The parties and all signatories to the Certification attached as Attachment A agree to be bound by this Protective Order, pending its approval and entry by the Court. If the Court modifies this Protective Order, the parties agree to be bound by this Protective Order until such time as the Court may enter such a different Order. It is the parties' intent to be bound by the terms of this Protective Order pending its entry so as to allow for immediate production of Confidential Materials and Highly Confidential Materials under the terms herein.

**IT IS SO ORDERED.**

DATED: March 1, 2018

Hon. William V. Gallo
United States Magistrate Judge

# ATTACHMENT A

CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, ________________ (Name), am about to receive Confidential Materials and/or Highly Confidential Materials supplied in connection with the Proceeding, *Michelle L. Moriarty, et al., v. American General Life Insurance Company, et. al.*, United States District Court, Southern District of California, Case No. 17-CV-1709-BTM-WVG. I certify that I understand that the Confidential and/or Highly Confidential Materials are provided to me subject to the terms and restrictions of the Protective Order filed in this Proceeding. I have been given a copy of the Protective Order, I have read it, and I agree to be bound by its terms.

I understand that the Confidential Materials or Highly Confidential Materials, as defined by the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, except solely for the purposes in this Proceeding, any Confidential or Highly Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential or Highly Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination ofmy participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me such materials.

I declare under penalty of perjury, under the laws of the state of California, that the foregoing is true and correct. Executed this _____ date of _____, 2018, at __________.

DATED:________________________ BY: ________________________

(Print Name)

________________________

(Signature)