UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE L. MORIARTY, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY, et al.,<br><br>         Defendants. | Case No.: 17-CV-1709-BTM-WVG<br><br>**ORDER GRANTING DEFENDANT AMERICAN GENERAL LIFE INSURANCE CO.'S MOTION TO COMPEL; ORDER TO SHOW CAUSE** |

Present before the Court is Defendant's motion to compel Plaintiff to produce all copies of her attorney-client fee agreement. (Mot., ECF No. 68.) After considering, Defendant's motion, Plaintiff's response in opposition, and all of the documents submitted therewith, the Court **GRANTS** Defendant's motion.

## I. BACKGROUND

On July 18, 2017, Plaintiff Michelle Moriarty filed a putative class action asserting causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief against Defendant American General Life Insurance Company ("AmGen") arising from AmGen's alleged policies and practices pertaining to the application of California Insurance Code Sections 10113.71 and 10113.72, and asserts a cause of action for negligence against Defendant Bayside Insurance Associates, Inc.

("Bayside").[1] As an element of her claimed damages for breach of the implied covenant of good faith and fair dealing, Plaintiff seeks attorney's fees pursuant to *Brandt v. Superior Court*, 37 Cal.3d 813 (1985). Plaintiff is represented by two law firms in this case – Winters & Associates ("Winters") and Nicholas & Tomasevic, LLP ("N&T"). Winters was first retained by Plaintiff via written agreement on October 13, 2016 (hereafter referred to as the "October 2016 agreement"). N&T was associated into the case via written agreement on August 21, 2017 (hereafter referred to as the "August 2017 agreement").

On or about March 15, 2018, Plaintiff served her amended responses to AmGen's request for production of documents. (Mot., Ex B.) Request number 10 asks for "[a]ny and all fee agreements between YOU and Winters & Associates in connection with this lawsuit." (*Id.* at 26.) Plaintiff provided the October 2016 agreement with Winters but withheld the August 2017 agreement that included N&T and Winters, arguing it was protected by attorney-client privilege.[2] (*Id.*)

On May 16, 2018, the parties jointly alerted the Court to a pending discovery dispute regarding Plaintiff's responses to AmGen's requests for production of documents. Finding that further briefing would be necessary to resolve the matter, the Court ordered the parties to fully brief the issue. (*See* ECF No. 67.) The Court also ordered Plaintiff to provide all retainer agreements directly to the Court for *in camera* review. (*See id.*)

## II. LEGAL STANDARD

In California, a "written fee contract shall be deemed to be a confidential communication" that is not subject to discovery. Cal. Bus. & Prof. Code § 6149. An exception to this exists when a plaintiff seeks attorney's fees for claims of breach of good faith and fair dealing. *See Brandt v. Superior Court*, 693 P.2d 796 (1985). *Brandt* fees "may not exceed the amount attributable to the attorney's efforts to obtain the rejected payment

---

[1] The claim of bad faith was brought individually and not as part of the putative class claims.
[2] In her Opposition to the motion to compel, Plaintiff also objected on the grounds of relevance. (*See* Opp'n at 2:25-26.) However, it is inappropriate to consider arguments first raised in an opposition brief. *See Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F.Supp.2d 1078, 1089 (E.D. Cal. 2006).

due on the insurance contract." *Id*. at 800. "Fees attributable to obtaining any portion of the plaintiff's award which exceeds the amount due under the policy are not recoverable." *Id*. By seeking to recover *Brandt* fees, a plaintiff waives the privilege that may have covered an attorney-client fee agreement. *See Luna v. Sears Life Ins. Co.*, 2008 WL 2484596, *1 (S.D. Cal. 2008); *Mancini v. Ins. Corp.*, 2009 WL 1765295, *4 (S.D. Cal. 2009).

## III. DISCUSSION

Defendant argues any and all fee agreements between Plaintiff and her counsel are discoverable simply by the fact Plaintiff is alleging claims for *Brandt* fees. Defendant argues the agreements may include fee shifting between the two firms that improperly increases *Brandt* fees. (Mot. at 5:19-28.)

Plaintiff concedes that because she is seeking *Brandt* fees, she "waives the privilege" covering her attorney-fee agreement "because Plaintiff has specifically put them in issue." (Pl's Opp'n, ECF No. 71 at 4:27-28.) Notwithstanding this, Plaintiff argues the August 2017 N&T fee agreement should not be turned over because Plaintiff claims there is a clear division of labor between the two firms representing her. Plaintiff argues the Winters firm is representing her for individual claims, which include claims for *Brandt* fees, while N&T will be representing her for the class action claims, which do not include claims for *Brandt* fees. Given this division of labor, Plaintiff claims the August 2017 agreement with N&T remains privileged pursuant to § 6149 of California Civil Code. The Court strongly disagrees.

**A. No Division Of Labor Is Envisioned In The Attorney-Client Fee Agreement**

Plaintiff argues the Winters fee agreement is the only discoverable agreement because N&T will only work on the class claims while Winters will work on the claims related to the *Brandt* fees.

Plaintiff argues the October 2016 agreement with Winters is "limited to her dispute regarding the loss of the [] policy insuring her husband" while the August 2017 agreement with N&T is limited to "her claims as a class representative" against AmGen. (Pl's Opp'n at 2:16-27.) However, the fee agreement belies this representation. First, the agreement

explicitly states that "[i]n order to prosecute the Class Action, as well as [Plaintiff's] individual claims, [Winters has] associated the firm of Nicholas & Tomasevic, LLP." This, in and of itself, discredits Plaintiff's argument regarding an established division of labor. Second, the agreement states that Plaintiff agrees she has retained both firms, "not any particular attorney, and the attorney services to be provided to [Plaintiff] will not necessarily be performed by any particular attorney." Lastly, the agreement states that "Winters intends to file a lawsuit against [Defendant] and N&T will act as co-counsel in the matter to pursue the action as both an Individual [sic] claim and a class action []."

The contract makes it abundantly clear that no division of labor exists as claimed by Plaintiff. Since Plaintiff's August 2017 agreement explicitly includes the claims that involve *Brandt* fees, it is not shielded by privilege. Accordingly, Plaintiff's objection is **OVERRULED**.

## IV. CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Plaintiff's objection and **GRANTS** Defendant's motion to compel. Plaintiff shall comply with the subject request on or before **June 22, 2018**.

## V. ORDER TO SHOW CAUSE

Plaintiff's counsel, Craig M. Nicholas, is hereby **ORDERED TO SHOW CAUSE** why sanctions should not issue for raising a frivolous dispute and making oral misrepresentations to the Court.

The Court finds the dispute is frivolous for the simple reason that the agreement between Plaintiff and her counsel are written such that the agreement fits squarely within the law providing such agreements are discoverable. This clear cut issue is one that Plaintiff should have conceded from the outset. Instead, Plaintiff's counsel squabbled with defense counsel resulting in the unnecessary expenditure of both time and financial resources.

The Court further finds Nicholas misrepresented the structure of the fee agreement. Not only is the division of labor argued by Nicholas not envisioned in the August 2017 agreement, the August 2017 agreement states almost the exact opposite.

On **July 9, 2018**, at **2:00 p.m.**, in Courtroom 2C of the above-entitled Court, the Court will convene a show cause hearing. Plaintiff and Plaintiff's counsel shall appear personally. Defendant may appear at the hearing.

On or before **June 20, 2018**, Plaintiff's counsel shall file a Declaration in response to this Order to Show Cause explaining why sanctions should not issue. This Declaration shall not exceed five pages, excluding exhibits.

On or before **June 27, 2018**, Defendant shall file a Reply, not to exceed five pages, excluding exhibits. Defendant's Reply shall include the fees and costs incurred in raising the present dispute.

**IT IS SO ORDERED**.

Dated: June 13, 2018

_____
Hon. William V. Gallo
United States Magistrate Judge