UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE L. MORIARTY, et al., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN GENERAL LIFE INSURANCE COMPANY, et al., <br><br> Defendants. | Case No.: 17-CV-1709-BTM-WVG <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION** |

## I. INTRODUCTION

On June 4, 2018, the Court was alerted to a discovery dispute where Plaintiff Michelle Moriarty orally moved the Court for an order compelling Defendant American General Life Insurance Co. to further respond to her Request for Production of Documents. For the reasons that follow, the Court **DENIES** Plaintiff's motion.

## II. BACKGROUND

On June 4, 2018, the counsel for Plaintiff Michelle Moriarty and Defendant American General Life Insurance Co. (hereafter "parties") jointly alerted the Court to a pending discovery dispute regarding Defendant's responses to Plaintiff's request for production of documents and interrogatories. On June 28, 2018, the Court convened a telephonic discovery conference. Plaintiff argued that Defendant's responses to Plaintiff's

Request for Production of Document ("RPD") Nos. 1-21, 24-25, and 32-77 were deficient. Additionally, Plaintiff argued Defendant's responses to Plaintiff's Interrogatory Nos. 1-13 were similarly deficient. After finding the dispute to not yet be ripe, the Court ordered the parties to meet and confer and to file a status report. (*See* ECF No. 82.) On July 26, 2018, the parties timely filed a status report indicating that all issues had been resolved with the exception of Plaintiff's RPD Nos. 43-77. (*See* ECF No. 88). On August 1, 2018, the Court convened another discovery conference call where Plaintiff renewed her motion to compel Defendant's responses to her RPD Nos. 43-77.

### III. LEGAL STANDARD

Each of the disputed RPDs may be characterized as contention interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(2). The purpose of contention requests "is not to obtain facts, but rather to narrow the issues that will be addressed at trial and to enable the propounding party to determine the proof required to rebut the respondent's position." *Folz v. Union Pacific R.R. Co.*, 2014 WL 357929 at *1 (S.D. Cal. 2014). "[C]ontention interrogatories need not be answered until the substantial completion of pretrial discovery." *Id*.

"A party filing contention interrogatories early in the pretrial period, before substantial documentary or testimonial discovery has been completed, has the burden of" justifying the early contention requests. *Fischer and Porter Co. v. Tolson*, 143 F.R.D. 93, 96 (E.D. Pa. 1992). The propounding party "must present 'specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure.'" *Id*. (quoting *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 339 (N.D. Cal. 1985). To meet that burden, a party must show "that there is good reason to believe that answers to its well-tailored questions will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussion, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56." *Id*. A court should deny a motion to compel responses to contention interrogatories where the

tentative nature of the responses "would be of questionable value to the goal of efficiently advancing the litigation." *In re eBay Seller Antitrust Litigation*, 2008 WL 5212170, *2 (N.D. Cal. 2008).

## IV. DISCUSSION

Plaintiff offers two arguments as to why Defendant should be compelled to provide a further response to her contention requests.

First, Plaintiff argues the responses provided by Defendant are boilerplate objections. (ECF No. 88 at 6:1.) Indeed, to each RPD, Defendant responds with the following objection:

> Responding Party objects to this request as a premature contention request. Responding Party has not yet obtained enough information through discovery to respond.[1,2]

While the objections to each RPD are the same, it is not the typical boilerplate language used in written discovery responses, such as "overly burdensome," among others. Rather, the objections are proper objections over the timing of the contention requests that is simply applied to each RPD. The mere fact that an objection is repeated does not alone render it boilerplate in nature.

Second, Plaintiff argues the requests are not premature given the age of the case, the number of document requests propounded on Plaintiff, and the fact that Defendant has deposed Plaintiff. (*Id.* at 6:15-18.) As such, Plaintiff contends that Defendant should "provide some modicum of a substantive response." (*Id.* at 6:18-19.)

Defendant's argument is largely that contention requests are, as of now, premature because substantial discovery remains to be completed. Defendant recognized both in its

---

[1] Defendant provided supplemental responses to each contention request. Rather than repeat the response to each request, the Court will note that at the conclusion of each response, Defendant stated it "will seasonably supplement this response as necessary prior to the close of discovery."

[2] Defendant has not waived its objection to timeliness by virtue of providing supplemental responses and Plaintiff does not raise such an argument.

papers and orally during the discovery conference call that at some point it will need to provide adequate responses to these requests. In support of its argument, Defendant points out that Plaintiff owes responses to two sets of requests for the production of documents, one set of interrogatories, and one set of requests for admissions. (*Id.* at 8.) Additionally, Defendant is in the process of providing what may be a massive amount of document discovery to Plaintiff. Lastly, Defendant identifies two additional depositions that need to be taken. (*Id.*)

Given the apparent volume of outstanding discovery, the Court finds that any responses Defendant would be compelled to provide would be tentative and thus "would be of questionable value to the goal of efficiently advancing the litigation." *In re eBay Seller Antitrust Litigation*, 2008 WL 5212170, *2. This is exacerbated by the present stay of discovery, discussed further below.

Presently, discovery is stayed, with the exception of the dispute at hand, pending a ruling on Plaintiff's motion to strike.[3] (*See* ECF No. 82.) Discovery was stayed because the parties have indicated to the Court that resolution of Plaintiff's motion to strike may dramatically change the posture of the case. Given the stay on discovery that is in place, it does not appear that compelled answers will meaningfully clarify "the issues in the case, narrow[] the scope of the dispute, or set[] up early settlement discussion, or that such answers [will] likely [] expose a substantial basis for a motion under Rule 11 or Rule 56." *Tolson*, 143 F.R.D. at 96. This is particularly so because the pending issue in Plaintiff's motion to strike is purely a question of law and not a factual issue that may be resolved by further discovery.

Accordingly, the Court sustains Defendant's objections and **DENIES WITHOUT PREJUDICE** Plaintiff's motion to compel further responses to its contention requests.

---

[3] Additionally, the date by which Plaintiff must file her motion for class certification was stayed. (*See* ECF No. 82.)

4

17-CV-1709-BTM-WVG

# V. <u>CONCLUSION</u>

As discussed above, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to compel. The Court concludes by noting that discovery will resume where it left off when a ruling on Plaintiff's motion to strike is handed down. To be clear and to assuage any fears maintained by Plaintiff, Defendant will be required to answer Plaintiff's contention requests at a time prior to Plaintiff's motion for class certification; a point acknowledged by Defendant on the record.

**IT IS SO ORDERED**.

DATED: August 13, 2018

_____
Hon. William V. Gallo
United States Magistrate Judge