UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE L. MORIARTY, Individually, as Successor-In-Interest to Heron D. Moriarty, Decedent, on Behalf of the Estate of Heron D. Moriarty, and on Behalf of the Class<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY, a Texas Corporation; BAYSIDE INSURANCE ASSOCIATES, INC. a California Corporation; and DOES 1-20, Inclusive,<br><br>Defendants. | Case No.: 17-cv-01709 BTM-BGS<br><br>**ORDER DENYING MOTION TO STRIKE**<br><br>**[ECF NO. 36]** |

Plaintiff, Michelle L. Moriarty, has filed a motion to strike Defendant American General Life Insurance Company's twenty-fifth defense in its Answer to Plaintiff's First Amended Complaint. (ECF No. 36). For the reasons discussed below, the Court DENIES Plaintiff's motion.

1

# I. BACKGROUND

On October 19, 2017, Plaintiff filed her First Amended Complaint, alleging that Defendant American General Life Insurance Company failed to comply with California Insurance Code §§ 10113.71 and 10113.72. (ECF No. 18 ("FAC") ¶ 1). According to Plaintiff, the provisions "mandate that from January 1, 2013, policy holders in the state are to be afforded a 60-day grace period, a right to a written 30-day notice prior to any lapse or termination, and, further, an annual right to designate someone else to receive notices of pending lapse or termination of coverage. *Id.* In September of 2012, Plaintiff's husband purchased a life insurance policy ("the Policy") from Defendant. *Id.* ¶ 2. Plaintiff is the "express designated beneficiary of the Policy." *Id.* In March of 2016, a monthly payment of the Policy was returned unpaid and Defendant subsequently terminated the Policy. *Id.* ¶¶ 2, 3. Plaintiff alleges that her husband was "not afforded the protections intended by the implementation of [California Insurance Code §§ 10113.71 and 10113.720]." *Id.* ¶ 2. Plaintiff has brought the following causes of action against Defendants: declaratory relief, breach of contract, bad faith, negligence, and violation of California Business & Professions Code § 17200.

On November 13, 2017, Defendant filed its Answer to Plaintiff's FAC, asserting thirty nine defenses. (ECF No. 31 ("Answer")). Defendant's twenty-fifth defense asserts that "California Insurance Code §§ 10113.71 and 10113.72 were enacted after the issuance of the Policy and are not applicable to [Plaintiff's] lawsuit" because "statutes operate prospectively only" and "a statute may be applied retroactively only if it contains express language of retroactivity or if other sources provide a clear and unavoidable implication that the Legislature intended retroactive application." *Id.*

On December 4, 2017, Plaintiff filed a motion to strike Defendant's twenty-fifth defense and all references to the inapplicability of California Insurance Code §§ 10113.71 and 10113.72 in paragraphs 1, 2, 4, 5, 17-25, 29, 30, 38-42, 66-71,

73-75, and 89 of the Answer, arguing that Defendant's defense was insufficient as a matter of law. (ECF No. 36).

## II. STANDARD

Under Fed. R. Civ. P. 12(f), a court may strike "an insufficient defense." "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013). "Motions to strike are generally disfavored." *Leghorn v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 1093, 1122 (N.D. Cal. 2013). "To strike an affirmative defense, the moving party must convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001) (internal citation and quotations omitted). "[C]ourts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotations omitted).

## III. DISCUSSION

Plaintiff's husband purchased the Policy from Defendant in 2012. FAC ¶ 15. California Insurance Code §§ 10113.71 and 10113.72 did not come into effect until January 1, 2013. *Id.* ¶ 17. There is a factual dispute as to whether the Policy was ever renewed between 2012 and 2016. FAC ¶ 26; Answer at 8.

"Generally, statutes operate prospectively only" and "the presumption against retroactive legislation is deeply rooted in our jurisprudence." *McClung v. Employment Dev. Dep't*, 34 Cal. 4th 467, 475 (2004) (internal citations and quotations omitted). Therefore, "a statute may be applied retroactively only if it contains express language of retroactivity or if other sources provide a clear and unavoidable implication that the Legislature intended retroactive application." *Id.*

(internal quotations omitted). Defendant's Answer argues that "the language of California Insurance Code Sections 10113.71 and 10113.72 speaks for itself," and specifically in its twenty-fifth defense, that Plaintiff's reliance on the protections of §§ 10113.71 and 10113.72 is an impermissible retroactive application of the statute. *See* Answer at 3, 28.

In response, Plaintiff argues that the protections afforded by §§ 10113.71 and 10113.72 apply to all life insurance policies, regardless of whether they were issued before or after January 1, 2013. (ECF No. 36-1 at 9). Plaintiff has identified two decisions, one from a federal district court (*Bentley v. United of Omaha Life Insurance Company*, 2016 WL 7443189 (C.D. Cal. June 22, 2016)) and one from a California superior court (*McHugh v. Protective Life In. Co.*, 37-2014-00019212-CU-IC-CTL (San Diego Superior Court Jan. 5, 2017), that Plaintiff claims support the contention that the Policy falls under the protections of §§ 10113.71 and 10113.72. *Id.*, Exh. B and D.

Defendant disputes the persuasive value of both of Plaintiff's cases. Defendant argues that *Bentley*'s holding that §§ 10113.71 and 10113.72 applied to an insurance policy issued prior to 2013, was based not on the statute applying retroactively, but rather on the subsequent renewal of the policy, which prospectively incorporated the protections of the statute.[1] (ECF No. 50 at 22-23).

---

[1] Defendant points to a subsequent order from the *Bentley* court that appears to clarify the order that Plaintiff relies on:

> Here, [defendant] asserts that whether the Statutes in this case—sections 10113.71 and 10113.72 of the California Insurance Code—apply to the Policy that [defendant] issued long before the Statutes took effect presents a novel legal issue. [Defendant] raises several factors it contends may serve as substantial grounds for differences in opinion. For instance, [defendant] argues that because the Statutes do not explicitly include the word "renewal," some courts may conclude that the California Legislature did not intend for the Statutes to apply to policy renewals. But as the Court noted in its June 22, 2016 Order, the Statutes do not apply retroactively to the Policy—rather, Section 10113.72(b) of the Insurance Code applies prospectively from the effective date of the Statutes and when a policy renews, it incorporates any changes in the law that occurred prior to the renewal.

*Bentley v. United of Omaha Life Ins. Co.*, 2016 WL 7443190, at *2 (C.D. Cal. Sept. 14, 2016) (internal citations omitted).

17-cv-01709 BTM-BGS

Defendant also argues that *McHugh* misapplied the standard for retroactive application of a statute. *Id.* at 24-25.

It is clear there are "disputed and substantial factual or legal issues" that this Court "may not resolve . . . in deciding [Plaintiff's] motion to strike." *See Whittlestone*, 618 F.3d at 973. Plaintiff's identification of two non-binding cases that have addressed the legal question at issue do not establish that the legal question has been definitively settled. The Court finds that Defendant has given Plaintiff fair notice of its defense. The issue of the applicability of §§ 10113.71 and 10113.72 is more appropriate for a motion for summary judgment on a developed record.

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, the Court DENIES Plaintiff's motion to strike (ECF No. 36). Plaintiff's motion for leave to file excess pages in her reply (ECF No. 48) is GRANTED. Defendant's motion requesting oral argument on the motion to strike (ECF No. 54) is DENIED, as oral argument is unnecessary. Defendant's motion for leave to file a sur-reply to Plaintiff's reply (ECF No. 60) is DENIED.

IT IS SO ORDERED.

Dated:  September 11, 2018

Barry Ted Moskowitz, Chief Judge
United States District Court