UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE L. MORIARTY, et al.,<br><br>                    Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL LIFE<br>INSURANCE COMPANY, et al.,<br><br>                    Defendants. | Case No.: 17-CV-1709-BTM-WVG<br><br>**ORDER OVERRULING AMERICAN GENERAL LIFE INSURANCE COMPANY'S OBJECTIONS TO DEPOSITION NOTICES** |

Now before the Court is yet another discovery dispute between Plaintiff Michelle Moriarty and Defendant American General Life Insurance Company, this time involving the depositions of defense witnesses. For the reasons that follow, the Court **OVERRULES** Defendant's objections to Plaintiff's notices for depositions.

## I. <u>BACKGROUND</u>

On November 30, 2018, counsel for Plaintiff and Defendant American General ("Defendant" or "AmGen") alerted the Court of a pending discovery dispute. Finding briefing necessary, the Court ordered the parties to file simultaneous briefing on the issues. On December 7, 2018, the parties timely filed their joint notice detailing the nature of the dispute along with substantial exhibits. (ECF No. 102.) Plaintiff seeks to depose a representative or representatives of Defendant pursuant to Federal Rule of Civil Procedure

("Rule") 30(b)(6) over a number of topics. This seemingly normal request is at issue due in large part to the tortured history of this case.

On January 18, 2018, the Court convened a Case Management Conference and thereafter issued a Scheduling Order, formally opening discovery. (See ECF Nos. 45, 47.) Plaintiff issued her first deposition notice for Defendant's person most knowledgeable witness ("PMK"), or witnesses, on April 3, 2018 which contained ten separate topic categories including:

> Category 6: [Defendant's] person most knowledgeable regarding [Defendant's] implementation and application of the provisions of California Insurance Code §§ 10113.71 and/or 10113.72.

(Mot., Ex. A, ECF No. 102-2. at 3.) On May 9, 2018, Plaintiff served an additional notice again seeking to depose Defendant's PMK, adding twenty-six topic categories including:

> Category 31: [Defendant's] person most knowledgeable regarding all COMMUNICATIONS between [Defendant] and any agents, producers and/or brokers of [Defendant's] LIFE INSURANCE POLICIES, regarding the provisions of California Ins. Code §§ 10113.71 and/or 10113.72.

(Mot., Ex. H, ECF No. 102-9.)

On May 25, 2018, Plaintiff served another deposition notice, identifying three additional topic categories including:

> Category 37: [Defendant's] person most knowledgeable regarding the information provided, as well as the compilation and provision of the data, in [Defendant's] Annual Statements for the years 2013 through the present, as filed with and published by the California Department of Insurance, specifically, data and information reflecting the topics and information found in the sections of the Annual Statements entitled "EXHIBIT OF LIFE INSURANCE", Items 1 through 23, regarding ordinary life insurance; and the sections of the Annual Statement entitled "SCHEDULE T - PREMIUMS AND ANNUITY CONSIDERATIONS", Item 5(California) and Items 91 through 95, "Life Contracts" and Life Insurance Premiums".

> Category 38: [Defendant's] person most knowledgeable regarding the definition and explanation of terms used in [Defendant's] Annual Statements for the years 2013 through present, as filed with and published by the

California Department of Insurance. Specifically, those definitions and explanations of terms found in the sections of the Annual Statements entitled "EXHIBIT OF LIFE INSURANCE", Items 1 through 23, regarding ordinary life insurance, and the sections of the Annual STATEMENTS entitled "SCHEDULE T - PREMIUMS AND ANNUITY CONSIDERATIONS", Item 5 (California) and Items 91 through 95, "Life Contracts" and "Life Insurance Premiums".

(Mot., Ex. P, ECF No. 102-17 at 3.)

On May 25, 2018, Defendant served its objections to Plaintiff's initial deposition notice. (Mot., Ex. B, ECF No. 102-3.) Defendant objected to category six on the grounds that it sought information protected by the attorney-client privilege or work product doctrine. (*Id*. at 5.)

Due to a pending motion that may have greatly impacted the trajectory of the case, discovery was stayed on July 11, 2018. (*See* ECF No. 82.) Following the decision of the motion, discovery was reopened on October 23, 2018, following a Case Management Conference ("CMC"). (*See* ECF No. 98.) On November 5, 2018, Plaintiff again noticed the deposition of Defendant's PMK witness or witnesses, identifying topic categories 43-47. (Mot., Ex. N, ECF No. 102-15.) Category 43 is identical to Category 6 in the previous notice. Category 44 is substantially similar to Category 31. Category 45 is substantially similar to Category 37. Category 46 is substantially similar to Category 38.

The Court convened an attorneys-only telephonic discovery conference on December 10, 2018.

## II. <u>LEGAL STANDARD</u>

Pursuant to Rule 26, a party:

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "The party who resists discovery has the burden to show the

3

discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Superior Communications v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). To the extent that the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive," the court is directed to limit the scope of the request. Fed. R. Civ. P. 26(b)(2). However, "[d]istrict courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *see also U.S. Fidelity and Guar. Co. v. Lee Investments LLC*, 641 F.3d 1126, fn. 10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery…").

## III. DISCUSSION

Plaintiff now seeks to take depositions of Defendant's PMK(s) pursuant to Rule 30(b)(6) regarding two distinct areas of inquiry: (1) the implementation and application of California Insurance Code §§ 10113.71 and 10113.72 (hereinafter the "subject statutes") contained within Categories 43 and 44 (previously identified as Categories 6 and 31); and (2) compilation of data and explanation of terms provided in Defendant's annual insurance statements provided to the California Department of Insurance, contained in Categories 45 and 46 (previously Categories 37 and 38). Plaintiff also seeks to depose David Kumatz, an attorney in the operations section of AmGen, who has been identified as a percipient witness who has personal knowledge regarding Defendant's views and responses to the subject statutes. (Ex. D. at 3.)

### A. Past Agreements and Statements by the Parties

Both Plaintiff and Defendant have made past representations regarding their willingness to conduct the depositions as well as possible alternatives to the depositions which they now wish to walk back. Like many current political figures, the parties each seek to hold their counterparts to their agreements while seeking to be excused from their own. For Plaintiff, her counsel claims his promise was taken out of context. For Defendant, its counsel claims that circumstances have changed, necessitating a different response.

4

Given the competing agreements, the changes in circumstances, and the simple fact that neither party wishes to stand by what it originally promised, the Court chooses to simply disregard entirely the statements made by both parties regarding the deposition of Defendant's PMK witness or witnesses. Starting with a clean slate based on the pleadings, the papers filed for the present dispute, and the arguments made by counsel during the December 10, 2018 discovery conference is the only viable way to appropriately rule on the dispute at hand.

## B. The Merits of Defendant's Objections

The Court notes that at no time has Defendant objected to Categories 43-46 on the basis of relevance. The objections noted in the exhibits provided to the Court fall into several general areas. Defendant objects on the basis that the categories (1) seek information protected by the attorney-client privilege or work product doctrine, (2) are vague and ambiguous, (3) over broad, (4) unduly burdensome, (5) disproportional to the needs of the case, (6) or seek proprietary information. During the discovery conference, Defendant also argued that the requested topics were cumulative given the testimony previously provided by percipient witness Jeanette Roch and other written discovery responses, including some as of yet unanswered Requests for Admissions.

The Court finds the topics noticed by Categories 43-46 to be relevant and proportional to the needs of the case considering the importance of the issues, the amount in controversy, and the resources of Defendant. Given this, the burden falls on Defendant to support its objections. Defendant has failed to meet this "heavy burden" and the Court overrules Defendant's objections as to Categories 43-46. *Blankenship*, 519 F.2d at 429. Specifically, the Court finds Defendant's objections lack specificity and definiteness and thus Defendant has failed to clarify, explain, and support its objection. *Superior Communications*, 257 F.R.D. at 217. Defendant has provided no evidence that demonstrates that the burden or expense of production is outweighed by the likely benefit of the information. The Court further finds that the topics listed in Categories 43-46 are not vague nor ambiguous. If there are any questions that may seek proprietary or protected

5

information, the Defendant may assert such an objection at the deposition.

Ms. Roch was deposed as a percipient witness, not as a PMK witness pursuant to Rule 30(b)(6). Thus, her testimony in no way binds the company. While the Court recognizes that Ms. Roch was likely able to accurately testify about policies and procedures adopted by Defendant as well as accurately testify as to Defendant's position on the insurance policy at the root of this lawsuit, these are her views and not necessarily the views of Defendant. It does not appear that Defendant has provided a PMK regarding the topics noticed in Categories 43-46. Thus, notwithstanding the testimony of Ms. Roch, any further PMK deposition is not cumulative.

As to David Kumatz, any testimony he may offer is clearly relevant and necessary in spite of his status as an attorney within AmGen. Pursuant to the Court's direction, Plaintiff lodged with the Court emails in which Mr. Kumatz participated that relate to the implementation of the subject statutes by Defendant. Defendant vigorously argued that it may move for a protective order regarding the deposition of Mr. Kumatz given his position with the company. The Court did not hear argument on this specific issue during the December 10, 2018 discovery conference call. However, Defendant may move for a protective order as described below.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# IV. CONCLUSION

In sum, the Court finds that Defendant has not met its burden (showing discovery should not occur). Accordingly, the Court **OVERRULES** Defendant's objections and **ORDERS** as follows:

(1) Defendant shall provide a witness or witnesses sufficient to testify on the topics listed in Categories 43-46 to testify at a deposition or depositions that shall occur on or before **January 4, 2019**;

(2) David Kumatz shall testify at a deposition on or before **January 4, 2019**;

(3) Any motion for a protective order shall be filed on or before **December 17, 2018**;

(4) If Defendant files a timely motion for a protective order, Plaintiff shall file a response on or before **December 21, 2018**.

**IT IS SO ORDERED**.

Dated: December 12, 2018

_____
Hon. William V. Gallo
United States Magistrate Judge

17-CV-1709-BTM-WVG