UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE L. MORIARTY, as Successor-In-Interest to Heron D. Moriarty, Decedent, on Behalf of the Estate of Heron D. Moriarty, and on Behalf of the Class,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.: 3:17-cv-1709-BTM-WVG<br><br>**ORDER GRANTING BAYSIDE INSURANCE ASSOCIATES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND STRIKING ITS OBJECTIONS**<br><br>**[ECF Nos. 100, 105-1]** |

Before the Court is Defendant Bayside Insurance Associates, Inc.'s ("Bayside") motion for summary judgment (ECF No. 100 ("MSJ")). For the reasons discussed below, Bayside's motion, which the Court interprets as a motion for partial summary judgment, is **GRANTED**.

## I. BACKGROUND

In September 2012, Bayside, an insurance brokerage firm, procured a term life insurance policy for the decedent, Heron D. Moriarty ("Mr. Moriarty"), with American General Life Insurance Company (American General). (ECF No. 18

("FAC"), ¶ 15; MSJ, 5:12–13; *id.* at Exh. 3, 94:6–23.) Mr. Moriarty had an automatic payment schedule set up with American General for his premium payments. (MSJ, 6:11–12; *id.* at Exh. 3, 95:10–17, 97:3–5.) On the 20th day of each month, American General would deduct the monthly premium from his bank account. (MSJ, 6:11–12; *id.* at Exh. 3, 95:10–17, 97:3–5.) On March 24, 2016, American General was unable to process Mr. Moriarty's automatic monthly payment because the associated bank account had been closed. (FAC ¶ 27; MSJ, 6:14–19.)

On April 25, 2016, Plaintiff, Mr. Moriarty's wife, emailed Bayside agent Jiman Kim the following: "Hello! Can you please give me the information on our life insurance. I need to pay it before it expires. I didn't realize it was connected to an account we closed." (MSJ, Exh. 7.) Mr. Kim responded the next day explaining he was "trying to have a team follow up on status with [American General]." (*Id.*) He also sent Plaintiff information about the policy and American General's direct phone number. (*Id.*) Plaintiff emailed Mr. Kim back on April 27, 2016 asking if it was too late. (*Id.* at Exh. 8.) There was no subsequent response from Mr. Kim or Bayside about this inquiry.

No further payments were made on Mr. Moriarty's policy before May 22, 2016, when American General terminated the policy. (FAC, ¶¶ 29–30; MSJ, Exh. 10; ECF No. 101-1 ("Pl.'s Decl."), ¶ 19)   The policy was terminated as of the date of the lapsed payment: March 20, 2016. (FAC, ¶¶ 29–30; MSJ, Exh. 10.)

Mr. Moriarty passed away on May 31, 2016. (MSJ, Exh. 1, p. 70.) Plaintiff submitted a claim on Mr. Moriarty's life insurance policy on June 22, 2016. (*Id.* at Exh. 1, p. 73.) American General denied the claim on July 6, 2016 stating the policy had terminated as of March 20, 2016. (ECF No. 101 ("Pl.'s Opp."), Exh. B, p. 54)

Plaintiff, individually, on behalf of Mr. Moriarty's estate, and on behalf of the proposed class, sued Bayside and American General for various claims arising from these events. She sued Bayside for negligence under theories of

professional negligence and negligent misrepresentation. (FAC, ¶ 96.) Plaintiff also included Bayside as a defendant in her Cal. Bus. & Prof. Code § 17200 claim but did not intend to do so. (*See* ECF No. 100-2 ("Byer Decl."), ¶ 3.) Bayside moves for summary judgment, which Plaintiff opposes.

## II. STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322–23. Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. *Celotex*, 477 U.S. at 314. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. ANALYSIS

Plaintiff presents two theories of negligence against Bayside: professional

3

3:17-cv-1709-BTM-WVG

professional negligence and negligent misrepresentation. (FAC, ¶ 96.) Plaintiff also included Bayside as a defendant in her Cal. Bus. & Prof. Code § 17200 claim but did not intend to do so. (*See* ECF No. 100-2 ("Byer Decl."), ¶ 3.) Bayside moves for summary judgment, which Plaintiff opposes.

## II. STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322–23. Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. *Celotex*, 477 U.S. at 314. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. ANALYSIS

Plaintiff presents two theories of negligence against Bayside: professional

3
3:17-cv-1709-BTM-WVG

professional negligence and negligent misrepresentation. (FAC, ¶ 96.) Plaintiff also included Bayside as a defendant in her Cal. Bus. & Prof. Code § 17200 claim but did not intend to do so. (*See* ECF No. 100-2 ("Byer Decl."), ¶ 3.) Bayside moves for summary judgment, which Plaintiff opposes.

## II. STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322–23. Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. *Celotex*, 477 U.S. at 314. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. ANALYSIS

Plaintiff presents two theories of negligence against Bayside: professional

negligence and negligent misrepresentation. (FAC, ¶ 96.) Bayside moves for summary judgment on only the professional negligence theory. In one footnote of its reply brief, Bayside asserts that it did not need to move for summary judgment on negligent misrepresentation because Plaintiff never properly raised this claim in the complaint since "[i]nserting the words 'negligent misrepresentation' into an allegation [of negligence] is insufficient to create an entirely separate[] claim for relief." (ECF No. 105, 7:25–28.) While negligent misrepresentation is "a separate and distinct tort," *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 407 (1992), Bayside chose not to move under Federal Rule of Civil Procedure 8 to dismiss the complaint as a shotgun pleading or under Rule 12 for a more definite statement. Summary judgment is not the proper stage to address the question of shotgun pleadings. Plaintiff's negligent misrepresentation claim against Bayside still stands because Bayside failed to address it in its motion, so the Court interprets Bayside's motion as one for *partial* summary judgment.

With respect to professional negligence, Bayside asserts that it owed no duty to Plaintiff. The existence of a duty is a question of law that is proper for the Court to determine on summary judgment. *Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013); *Parsons v. Crown Disposal Co.*, 15 Cal. 4th 456, 465 (1997). To succeed on a claim of professional negligence, Plaintiff must show that Bayside owed "the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise." *Paul v. Patton*, 235 Cal. App. 4th 1088, 1095 (2015) (internal quotation marks and citation omitted).

In general, a broker holds "limited duty" to its clients "to use reasonable care, diligence, and judgment in *procuring* the insurance requested by an insured." *Pac. Rim Mechanical Contractors, Inc. v. Aon Risk Ins. Servs. W., Inc.*, 203 Cal. App. 4th 1278, 1283 (2012). A broker may also assume a "special duty" either "by express agreement or by the agent holding himself out to be more than an 'ordinary

agent.'" *Paper Savers, Inc. v. Nacsa*, 51 Cal. App. 4th 1090, 1096 (1996) (citation omitted).

Plaintiff does not allege that Bayside negligently procured Mr. Moriarty's policy. Instead, Plaintiff argues that Bayside "assumed a general and special duty of care to investigate the status of the Policy and its potential forfeiture and to fully and promptly communicate to Plaintiff . . . what actions and steps could and should be taken to avoid termination of the Policy." (FAC, ¶ 103.) The Court thus considers only whether Bayside *assumed* the "broad duty to assist in the preservation of coverage," (Pl.'s Opp., 6:20–21). *See Pac. Rim Mechanical Contractors, Inc. v. Aon Risk Ins. Servs. W., Inc.*, 203 Cal. App. 4th 1278, 1283 (2012).

The facts do not support that Bayside owed such a duty either out of an express agreement or through its assertion of additional expertise. Accordingly, this claim must be analyzed as a negligent undertaking. This theory of liability requires the same elements as any negligence claim: duty, breach, causation, and damages. *Paz v. State of Cal.*, 22 Cal. 4th 550, 559 (2000) (citing Restatement 2d of Torts §324A). "[O]ne who undertakes to aid another is under a duty to exercise due care in acting and is liable if the failure to do so increases the risk of harm or if the harm is suffered because the other relied on the undertaking." *Id.* at 558–59 (citation omitted). Mr. Kim's email to Plaintiff indicates that Bayside only undertook to check on the status of the policy with American General. It did not undertake to advise Plaintiff as to the steps she needed to take to avoid termination. In fact, Bayside gave Plaintiff the information she needed to pay the premium. All she had to do was call American General.

Nevertheless, in a negligent undertaking claim, the plaintiff's recovery is limited to personal injury and property damage. *State Ready Mix, Inc. v. Moffatt & Nichol*, 232 Cal. App. 4th 1227, 1235 (2015); *see also Paz*, 22 Cal. 4th at 558–59. Even if Bayside voluntarily assumed a duty to Plaintiff through Mr. Kim's email,

1 | Plaintiff would be barred from recovery because she seeks only economic damages. (FAC ¶ 105.) Bayside's motion for partial summary judgment is **GRANTED**.

Under this Court's civil chambers rules, "objections to evidence submitted in support of an opposition must be contained within the reply brief" and "[a]ny separately filed objections shall be stricken and will not be considered by the Court." Bayside submitted objections to Plaintiff's evidence in a separate filing rather than in its reply brief. (ECF No. 105-1.) Those objections are accordingly **STRICKEN** for failure to comply with this Court's civil chambers rules.

### IV. CONCLUSION

The Court **GRANTS** Bayside's motion for partial summary judgment and **DISMISSES** Bayside from the Cal. Bus. & Prof. Code § 17200 claim based on Jeffrey Byer's unopposed declaration that Plaintiff's counsel erroneously included Bayside as a defendant therein. (MSJ, 5:25–28; Byer's Decl., ¶ 3.) Plaintiff's negligent misrepresentation claim against Bayside still stands. Bayside's objections to Plaintiff's evidence (ECF No. 105-1) are **STRICKEN**.

**IT IS SO ORDERED.**

Dated: March 27, 2020

_____
Honorable Barry Ted Moskowitz
United States District Judge