UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE L. MORIARTY, et al.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 17-CV-1709-BTM-WVG<br><br>**ORDER ON JOINT MOTION TO AMEND BRIEFING SCHEDULE RE DISCOVERY DISPUTES** |

On November 22, 2021, the Parties filed a Joint Motion to Amend Briefing Schedule Re Discovery Dispute ("Joint Motion"). (Doc. No. 214.) The Parties move the Court to continue the November 29, 2021 deadline to file briefs, consisting of no more than ten (10) pages, on three discovery disputes the Parties raised and explained to Chambers on November 16, 2021. (*Id*., 2:17-20.) The Parties maintain they need additional time to submit their discovery briefs due to competing filing deadlines leading up to November 29, 2021, and because "both parties' counsel have staff off for the Thanksgiving holiday." (*Id*., 2:28-3:1.) Having reviewed and considered the Parties' submission, the Court GRANTS the Parties' Joint Motion and elaborates below.

At all times, it is within the Court's discretion to modify a scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure ("Rule 16"). Fed.R.Civ.P. 16; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Rule 16 "provides a stringent standard whereby the party who seeks to amend the Court's scheduling order must

show good cause why the Court should set aside or extend a discovery deadline." *Mondares v. Kaiser Found. Hosp.*, 2011 WL 5374613, at *1 (S.D. Cal. Nov. 7, 2011) (citing Fed.R.Civ.P. 16(b)(4)). The Court's inquiry turns on the movant's diligence in aiming to comply with the operative scheduling order. *Id.* (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)). Diligence does not arise from "trials in other cases and counsel's busy schedule" or staffing shortages. *Id.* ("these [circumstances] actually militate against a finding of diligence, as counsel essentially admit [they are] litigating other cases."); *Morris v. Sutton*, 2019 WL 2089496 (E.D. Cal. May 13, 2019) (finding plaintiff was not diligent in seeking an amendment to the operative scheduling order, despite being "sympathetic to Plaintiff's counsel's medical issues and other pressing matters that coincided with staffing issues.").

The Court finds the Parties have satisfied the good cause standard and demonstrated diligence, although not in an obvious manner. Indeed, the Joint Motion is bereft of any representations the Parties even attempted to begin working on their respective discovery briefs to meet the November 29, 2021 deadline this Court set. Nevertheless, the Court finds diligence in counsel's efforts to meet and confer regarding the briefing schedule immediately upon the issuance of the Court's Order Setting Briefing Schedule and submitting the Joint Motion just several hours later. (Doc. No. 213.) For these two reasons, the Court GRANTS the Joint Motion and CONTINUES the Parties' deadline to submit their discovery briefs **no later than Friday, December 3, 2021**.

Separately and lastly, counsel for both Plaintiff and Defendant are advised to cease *ex parte* communications with Chambers "except where the purpose of the call is purely administrative, *e.g.* to provide a telephone number for a telephonic status conference or in exigent circumstances." R.I, Civil Chambers Rules, Hon. William V. Gallo (2021). Maintaining compliance with all applicable rules, including, but not limited to, this Court's

/ / /

/ / /

/ / /

1  Civil Chambers Rule I on Communications with Chambers, is mandatory and not
2  permissive.
3      **IT IS SO ORDERED**.
4  Dated: November 23, 2021

_____
Hon. William V. Gallo
United States Magistrate Judge