UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE L. MORIARTY, as Successor-In-Interest to Heron D. Moriarty, Decedent, on Behalf of the Estate of Heron D. Moriarty, and on Behalf of the Class,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.: 3:17-cv-1709-BTM-WVG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**[ECF No. 219]** |

Before the Court is Defendant American General's motion for partial summary judgment. (ECF No. 219 ("Def's MSJ.")) The Court heard oral argument on the motion on April 11, 2022. (ECF No. 244.) For the reasons discussed below, Defendant's motion for partial summary judgment is **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

On September 20, 2012, American General issued Heron D. Moriarty a $1 million term life insurance policy. (Def's MSJ, Exh. 3.) Heron D. Moriarty was the

named insured and owner of the policy. (*Id.* at 35.) Plaintiff Michelle Moriarty, Heron D. Moriarty's spouse, was the named primary beneficiary of the policy. (*Id.* at 36.)

On January 1, 2013, certain California Insurance Code provisions went into effect, guaranteeing the following: a 60-day grace period after nonpayment of a premium, Cal. Ins. Code § 10113.71(a), the right to designate someone to receive notices of lapsed payments, *id.* § 10113.72(a)–(b), and a 30-day notice of a lapsed payment to both the policy owner and aforementioned designee before the policy may be terminated for nonpayment, *id.* §§ 10113.71(b), 10113.72(c).

Between September 2012 and February 2016, Heron D. Moriarty paid the policy's monthly premiums by automatic draft from his bank account. (*See* Def's MSJ, Exhs. 17, 18.) On March 20, 2016, American General attempted to draft a monthly premium payment that was due on that date. (Def's MSJ, Exh. 17 at 992.) On March 24, 2016, the draft was reversed. (*Id.*) On March 24, 2016, American General mailed a letter addressed to Heron D. Moriarty and Plaintiff, stating that the policy "ha[d] been removed from the Automatic Bank Check (ABC) method of payment" and that "[i]f not plac[ed] back on the ABC method of payment, the policy(s) may lapse if a new payment is not selected." (Def's MSJ, Exh. 19.)

On May 22, 2016, American General terminated the policy for nonpayment of premiums. (Def's MSJ, Exh. 17 at 992; Exh. 25.) Heron D. Moriarty died on May 31, 2016. (Def's MSJ, Exh. 26.) Subsequently, Plaintiff filed a claim under Heron D. Moriarty's policy. (Def's MSJ, Exh. 28.) On July 6, 2016, American General informed Plaintiff that the policy had "lapsed on March 20, 2016, and had no value on the date of death." (Def's MSJ, Exh. 29.)

The Court previously granted summary judgment in favor of American General that it complied with § 10113.71(a)'s 60-day grace period requirement. (ECF No. 184 at 7.) The Court also previously granted summary judgment in favor of Plaintiff that American General violated § 10113.72(b)'s right to designate

requirement. (*Id.* at 8).

## II. STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322–23. Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. *Celotex*, 477 U.S. at 314. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. DISCUSSION

American General moves for summary judgment on the following: (1) Plaintiff's bad faith claim; (2) Plaintiff's demand for punitive damages; (3) American General's compliance with the lapse notice requirement; (4) Plaintiff's declaratory judgment claim; and (5) Plaintiff's request for an injunction pursuant to the UCL.

A. <u>Bad Faith Claim</u>

The elements of a bad faith claim for an insurer's denial of coverage are: "(1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001). "The key to a bad faith claim is whether or not the insurer's denial of coverage was reasonable." *Id.* "[T]he reasonableness of the insurer's decisions and actions must be evaluated as of the time that they were made; the evaluation cannot fairly be made in the light of subsequent events which may provide evidence of the insurer's errors." *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 347 (2001). Further, "[i]f the conduct of the insurer in denying coverage was objectively reasonable, its subjective intent is irrelevant" because "[n]ot only is subjective bad faith unnecessary to establish a bad faith cause of action, it is also insufficient to do so." *Bosetti v. United States Life Ins. Co. in City of New York*, 175 Cal. App. 4th 1208, 1236 (2009). "Under California law, a bad faith claim can be dismissed on summary judgment if the defendant can show that there was a genuine dispute as to coverage." *Guebara*, 237 F.3d at 992.

American General argues that its denial of coverage to Plaintiff was reasonable because at the time of denial, the law was unsettled as to whether the California Insurance Code provisions applied to policies issued prior to the enactment of the provisions. Indeed, on January 25, 2021, the Court certified an interlocutory appeal "specifically to resolve the legal question of whether Cal. Ins. Code §§ 10113.71 and 10113.72 apply to life insurance policies issued and delivered before their enactment, either through a retroactive or renewal theory." (ECF No. 199 at 2-3.) The Court explained that "American General ha[d] established that there [was] substantial ground for a difference of opinion on the Statute's applicability to pre-2013 life insurance policies" because "Plaintiff ha[d] asserted two novel theories of the Statutes' applicability that neither the California

1  Supreme Court nor the Ninth Circuit ha[d] yet ruled on." (*Id.* at 3-4.) It was not until
2  August 30, 2021 that the Supreme Court of California issued *McHugh v. Protective*
3  *Life Ins. Co.*, which held that "sections 10113.71 and 10113.72 apply to all life
4  insurance policies in force when these two sections went into effect, regardless of
5  when the policies were originally issued." 12 Cal. 5th 213, 220 (2021). *McHugh*
6  reversed a California Court of Appeal opinion that held that the sections did not
7  apply retroactively. *Id.* American General has established that there was a genuine
8  dispute as to coverage due to unsettled law regarding the applicability of Cal. Ins.
9  Code §§ 10113.71 and 10113.72. *See Feldman v. Allstate Ins. Co.*, 322 F.3d 660,
10 669 (9th Cir. 2003) ("under the Ninth Circuit's interpretation of California law, a
11 genuine dispute may concern either a reasonable factual dispute or an unsettled
12 area of insurance law"); *Safeco Ins. Co. of Am. v. Guyton*, 692 F.2d 551, 557 (9th
13 Cir. 1982) (dismissing policyholders' bad faith claim because "there existed a
14 genuine issue as to [insurer's] liability under California law"); *Aronson v. State*
15 *Farm Ins. Co.*, 2000 WL 667285, at *12 (C.D. Cal. May 11, 2000) ("The 'genuine
16 issue' standard, or a similar standard, has been applied with particular force where,
17 as here, the insurance claim presented either a complex or unresolved issue of
18 law in the jurisdiction."); *CalFarm Ins. Co. v. Krusiewicz*, 131 Cal. App. 4th 273,
19 286 (2005) ("coverage decision was objectively reasonable in light of the unsettled
20 nature of the law"); *Mosley v. Pac. Specialty Ins. Co.*, 49 Cal. App. 5th 417, 436
21 (2020) ("[insurer] acted reasonably in denying [insured's] coverage" because
22 "there [was] no clear, controlling California law that establishe[d] whether [insurer]
23 properly denied coverage").[1] Accordingly, the Court **GRANTS** American General's
24 motion for summary judgment as to Plaintiff's bad faith claim up until the date of

---

[1] Plaintiff moves to strike American General's expert reports from Kenneth Black, (ECF No. 219-35) and Mary Jo Hudson (ECF No. 219-34). (ECF No. 225 ("Plaintiff's Opp.") at 25 fn. 12.) Plaintiff's motion to strike is denied without prejudice, as the Court does not rely on the expert reports. American General objects to various exhibits attached to Plaintiff's opposition. (*See* ECF No. 232 at 14; ECF No. 225-2.) The Court declines to rule on the objections, as, given the narrow basis for the holding, the exhibits do not make a difference.

*McHugh*. Plaintiff also argues that American General has demonstrated bad faith by not paying Plaintiff's claim after the *McHugh* decision. (Plaintiff's Opp. at 21.) "The genuine dispute rule does not relieve an insurer from its obligation to thoroughly and fairly investigate, process and evaluate the insured's claim. A genuine dispute exists only where the insurer's position is maintained in good faith and on reasonable grounds." *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 723 (2007). "[T]he fact that . . . litigation ha[s] commenced d[oes] not excuse [an insurer] from the continuing responsibility to fully investigate [a] claim. . . . [A]n insurer's duty of good faith and fair dealing does not evaporate after litigation has commenced." *Jordan v. Allstate Ins. Co.*, 148 Cal. App. 4th 1062, 1076 (2007). American General submits no evidence regarding any decision made on Plaintiff's claim after *McHugh*, and the grounds of any such decision. Accordingly, the Court **DENIES** American General's motion for summary judgment as to Plaintiff's bad faith claim after the date of *McHugh*.

B. Punitive Damages

Under California law, a plaintiff seeking punitive damages must prove "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294. "To be clear and convincing, evidence must be sufficient to support a finding of high probability and it must be so clear as to leave no substantial doubt and sufficiently strong to command the unhesitating assent of every reasonable mind." *Dorroh v. Deerbrook Ins. Co.*, 223 F. Supp. 3d 1081, 1097 (E.D. Cal. 2016). "This standard of proof is more demanding than what is required for a claim of bad faith." *Id.* Plaintiff's claim for punitive damages is based on her allegation that American General "den[ied] [her claim for] life insurance benefits . . . for nearly 6 years without proper cause and in the face of Supreme Court rulings showing it violated the law." (Plaintiff's Opp. at 28-29.) As stated above, American General's denial of Plaintiff's claim was not in bad faith, only until *McHugh*. Therefore, punitive damages based on the denial are

unavailable only until *McHugh*. *See Am. Cas. Co. of Reading, Pennsylvania v. Krieger*, 181 F.3d 1113, 1123 (9th Cir. 1999) ("If the insurer did not act in bad faith, punitive damages are unavailable"); *Sell v. Nationwide Mut. Ins. Co.*, 492 F. App'x 740, 743 (9th Cir. 2012) ("[Insurer's] refusal to cover the claim was not in bad faith. Because [the insurer] did not act in bad faith, punitive damages are unavailable.") (internal quotation marks omitted); *Dorroh v. Deerbrook Ins. Co.*, 751 F. App'x 980, 983 (9th Cir. 2018) ("Because summary judgment to [defendant] was appropriate on Plaintiffs' bad faith claim, it was also appropriate on [plaintiff's] claim for punitive damages."). Accordingly, the Court **GRANTS** American General's motion for summary judgment as to Plaintiff's demand for punitive damages, only until *McHugh*. The Court **DENIES** American General's motion for summary judgment as to Plaintiff's demand for punitive damages after *McHugh*.

### C. Compliance with the Lapse Notice Requirement

Section 10113.71(b)(1) requires that the insurer give notice to the policy holder, the aforementioned designee, and "a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium." This notice must be given by "first-class United States mail." § 10113.71(b)(3). Section 10113.72(c) reiterates the same, prohibiting termination for nonpayment of premium "unless the insurer, at least 30 days prior to the effective date of the lapse or termination, gives notice to the policy owner and to the person or persons designated" by first-class United States mail. The Court previously explained that while American General asserted that on March 24, 2016, it mailed Heron D. Moriarty a letter, also addressed to Plaintiff, notifying Mr. Moriarty that the March 20, 2016 premium payment had been unsuccessful because the bank account for the payment had been closed, "American General does not provide any evidence showing the letter was properly mailed through first-class United States mail. Whether American General properly notified Mr. Moriarty thus remains a dispute

of material fact and summary judgment would be improper." (ECF No. 184 at 8-9.)

American General now submits evidence that: (1) the March 24, 2016 notice was properly addressed to Heron D. Moriarty and Plaintiff at 2925 Pioneer Way, Jamul, CA 91935, (Def's MSJ., Exh. 19; Def's MSJ., Exh. 22 ("Moriarty Depo.") at 175:6-7); and (2) the March 24, 2016 notice was mailed by first-class United States mail, (Def's MSJ., Exh. 21 ("Hite Decl.") ¶¶ 8, 9, 10). Plaintiff does not provide any evidence to dispute these facts. The Court **DENIES** American General's motion for summary judgment that it fully complied with the lapse notice requirements of Sections 10113.71 and 10113.72. The Court is persuaded by American General that, due to the 60-day grace period in the policy, as to Heron D. Moriarty, the March 24, 2016 notice was mailed at least 30 days prior to the effective termination date of the policy on May 22, 2016. However, pursuant to Section 10113.71(b)(1), "[a] notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to . . . a designee named pursuant to Section 10113.72 for an individual life insurance policy," in addition to the "named policy owner" and "a known assignee or other person having an interest in the life insurance policy." The Court previously granted Plaintiff's motion for summary judgment that American General failed to inform Heron D. Moriarty of the right to designate another person to receive the relevant notices, in violation of Section 10113.72(b). (ECF No. 184 at 8.) Therefore, American General did not comply with the lapse notice requirements of Sections 10113.71 and 10113.72 that the notice also be sent to a designee named pursuant to Section 10113.72. Even assuming that Plaintiff would have been Heron D. Moriarty's designee, in order to accomplish the purpose of the lapse notice requirement, a separate notice would have had to been sent to the designee, rather than a single notice addressed to both Heron D. Moriarty and Plaintiff.

D. Declaratory Judgment Claim

Plaintiff seeks "a judicial determination of her rights and duties . . . and a

declaration to the effect that California Insurance Code Sections 10113.71 and 10113.72 applied as of January 1, 2013, to policies issued or delivered prior to January 1, 2013. (ECF No. 18, ¶ 74.) On August 30, 2021, in *McHugh*, the Supreme Court of California held that "sections 10113.71 and 10113.72 apply to all life insurance policies in force when these two sections went into effect, regardless of when the policies were originally issued." 12 Cal. 5th at 220.

Declaratory relief is appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986) (internal quotation marks omitted). "[T]he availability of other adequate remedies may make declaratory relief inappropriate, as would be declaratory relief that is needlessly duplicative of the damages or relief requested under the substantive claims." *Shin v. ICON Found.*, 2021 WL 6117508, at *6 (N.D. Cal. Dec. 27, 2021) (internal quotation marks omitted). "A federal court cannot issue a declaratory judgment if a claim has become moot." *Pub. Utilities Comm'n of State of Cal. v. FERC*, 100 F.3d 1451, 1459 (9th Cir. 1996).

American General argues that in light of *McHugh*, Plaintiff's declaratory judgment claim is moot, and alternatively, it is duplicative of her breach of contract claim. (Def's MSJ at 31.) Plaintiff argues that her declaratory judgment claim "necessarily includes determination that failure to strictly comply with the Statutes leaves the policy in force." (Plaintiff's Opp. at 30.) The Court agrees with American General that Plaintiff's declaratory judgment claim is rendered moot by *McHugh*. Further, to the extent Plaintiff's declaratory judgment claim also implicitly includes a request to determine the effects of American General failing to strictly comply with the Statutes for Heron D. Moriarty's life insurance policy, it would be duplicative of her breach of contract claim. *See Tyler v. Travelers Com. Ins. Co.*, 499 F. Supp. 3d 693, 702 (N.D. Cal. 2020) ("courts have dismissed companion

claims for declaratory relief where the breach of contract claims resolved the dispute completely and rendered additional relief inappropriate"); *StreamCast Networks, Inc. v. IBIS LLC*, 2006 WL 5720345, at *4 (C.D. Cal. May 2, 2006) ("Various courts have held, for example, that, [w]here determination of [a] breach of contract claim [will] resolve any question regarding interpretation of the contract, there is no need for declaratory relief, and dismissal of a companion declaratory relief claim is appropriate.") (internal quotation marks omitted); *United Safeguard Distributors Ass'n, Inc. v. Safeguard Bus. Sys., Inc.*, 145 F. Supp. 3d 932, 961 (C.D. Cal. 2015) ("Plaintiffs' declaratory judgment claim is nothing more than a duplication of their breach of contract claim" and "Plaintiffs appear to seek judicial declaration not as a preventative measure, but as a remedial measure to address previously alleged breach of contract claims"). Accordingly, the Court **GRANTS** American General's motion for summary judgment as to Plaintiff's declaratory judgment claim.

E. UCL Injunction Claim

With respect to Plaintiff's UCL injunction claim, the Court previously held the following:

> The UCL provides for "public injunctive relief," which "is designed to prevent further harm to the public at large rather than to redress or prevent injury to a plaintiff." *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 955 (2017) (citation omitted). American General argues that public injunctive relief is unavailable because Plaintiff does not meet the Article III standing threshold. (ECF No. 151, 9:25–10:6.) The Court agrees that while Plaintiff may have general standing under California law, she does not have Article III standing that would give this Court jurisdiction over the UCL claim for an injunction. But that does not mean that the Court should dismiss this claim. Plaintiff originally filed her case in state court where there was standing and jurisdiction to issue an injunction. American General removed the case to federal court. It strikes the Court as patently unfair for American General, though technically correct, to now seek dismissal on the issue of Article III standing and the lack of jurisdiction. *See Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1115–16 (9th Cir. 2017), *superseded on other*

>  *grounds by Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018) (en banc). Where a party removes a case and there is no jurisdiction, the case is remanded. 28 U.S.C. § 1447(c); *see also Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). The parties are to show cause at the end of this case why the UCL claim for an injunction should not be remanded.

(ECF No. 184 at 13.) American General argues that the Court should reconsider its holding based on *Sonner v. Premier Nutrition Corp.*, which held that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." 971 F.3d 834, 844 (9th Cir. 2020). The Court is not persuaded by American General's argument. *See id.* at 342 ("Injunctive relief is not at issue"); *Brooks v. Thomson Reuters Corp.*, 2021 WL 3621837, at *10 (N.D. Cal. Aug. 16, 2021) ("The holding in *Sonner* applies only to equitable restitution for past harm under the UCL, not to an injunction for future harm. Therefore, Plaintiffs are not barred from seeking equitable relief in the form of an injunction under the UCL.") (internal citation and quotation marks omitted).

American General also argues that "a remand to state court would be improper," because "there can be no remand of the entire case under § 1447(c), citing to *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997 (9th Cir. 2001). (Def's MSJ at 33.) American General's reliance on *Lee* is not persuasive. *Lee* held that where a "case is within the district court's original jurisdiction [and] was properly removed under 28 U.S.C. § 1441(a), [it] may not be remanded in its entirety to state court." *Id.* at 1008. However, *Lee* explained that "[i]n some cases, a plaintiff might forfeit an otherwise viable state-law claim because that claim was part of a removed diversity case which was subsequently determined to be beyond the federal court's power to decide, a result which might militate in favor of remanding, rather than dismissing, nonjusticiable state-law claims." *Id.* at 1006–07. "A case that is properly removed in its entirety may nonetheless be effectively split up when it is

subsequently determined that some claims cannot be adjudicated in federal court." *Id.* at 1007. The Ninth Circuit in *Lee* expressly "decline[d] to address the partial remand alternative [t]here because [the plaintiff] did not present a specific, cogent argument for [their] consideration on appeal." *Id.* (internal quotation marks omitted). Therefore, *Lee* does not foreclose the Court from partially remanding Plaintiff's UCL claim at the end of this case. *See Reyes v. Checksmart Fin., LLC*, 701 F. App'x 655, 660 (9th Cir. 2017) (Bencivengo, J., concurring in part) ("The panel in *Lee* declined to address whether a partial remand of only the standing-deficient claims is required or within the district court's discretion. . . . To the extent a partial remand of standing deficient claims will result in duplicative litigation, such result is preferable to a federal court enabling defendants to prevent plaintiffs from seeking relief for claims for which they have standing in state court, but not under Article III, by removing the entire case. If a plaintiff does not want to engage in parallel litigation, it would be free to dismiss the remanded claims in the state court. On the other hand, for defendants, duplicative litigation is simply a risk they should consider when removing a case where the plaintiff's Article III standing is questionable."); *California v. N. Tr. Corp.*, 2013 WL 1561460, at *5 (C.D. Cal. Apr. 10, 2013) (partially remanding UCL claims that could not be pursued in federal court and explaining that "[t]he remand statute, 28 U.S.C. § 1447(c), does not, on its face, foreclose the possibility of partial remand where diversity jurisdiction exists as to all claims but a plaintiff lacks standing as to some claims"). Accordingly, the Court **DENIES WITHOUT PREJUDICE** American General's motion for summary judgment as to Plaintiff's UCL injunction claim. Consistent with the Court's prior order, the parties are to show cause at the end of this case why the UCL claim for an injunction should not be remanded.

//
//
//

## IV.  CONCLUSION

Based upon the foregoing, American General's motion for partial summary judgment is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

Dated:  July 26, 2022

_____
Honorable Barry Ted Moskowitz
United States District Judge