UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE L. MORIARTY, et al.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 17-CV-1709-BTM-WVG<br><br>**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS** |

**I.   INTRODUCTION**

Pending before the Court is Michelle L. Moriarty's ("Plaintiff") Motion for Attorney's Fees and Costs ("Motion"). (Doc. No. 248.) Plaintiff moves this Court to issue an order awarding her $102,621.37 for attorney's fees and costs incurred for two depositions in this matter. American General Life Insurance Company ("Defendant") filed a Response to Plaintiff's Motion. (Doc. No. 249.) In relevant part, Defendant does not oppose Plaintiff's position that an award of attorney's fees and costs should issue in Plaintiff's favor. Rather, Defendant asks the Court to "exercise its judgment in determining an appropriate and reasonable amount." (*Id.*, 2:6-7.) Having reviewed and considered the Parties' submissions, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion and explains below.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Motion arises from two depositions Plaintiff took in this matter, namely the depositions of Michelle Miller and Kyle Jennings. Michelle Miller's deposition ("Miller Deposition") proceeded first on January 3, 2019, after Defendant designated Miller as its Person Most Knowledgeable ("PMK") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. In deposition, Miller demonstrated she lacked the requisite knowledge to answer most of Plaintiff's questions and admitted she was barely prepared after learning about the deposition a mere day before it took place. (Doc. No. 117, Exhibit ("Exh.") 11, 36:11-23.) Consequently, Plaintiff moved for sanctions pursuant to Rule 37. (Doc. No. 123.) On April 10, 2019, this Court issued an Order Granting in Part and Denying in Part Plaintiff's Motion for Sanctions. (Doc. No. 138.)

In pertinent part, the Court's April 10, 2019 Order bound Defendant to all testimony Miller offered during her deposition; barred Defendant from offering any contradictory or alternative evidence to Miller's testimony; directed Plaintiff to file an accounting of all fees and costs incurred due to the Miller Deposition; and invited Defendant to file an objection, if any, to Plaintiff's accounting on or before April 24, 2019. (*Id.*, 18, 11-16.) On April 17, 2019, Plaintiff timely filed an accounting of costs and fees in connection with the Miller Deposition, seeking a fee award of $60,742.50 and an award of costs in the amount of $7,868.28. (Doc. No. 142, 2:11-12.) Defendant failed to file any objection or response to Plaintiff's accounting. Instead, on April 24, 2019, Defendant filed an Objection to this Court's April 10, 2019 Order, which was referred to presiding District Judge Barry Ted Moskowitz for consideration. (Doc. No. 145.)

On April 1, 2019, the Parties filed cross-summary judgment motions. (Doc. Nos. 135, 136.) On October 2, 2020, Judge Moskowitz granted in part and denied in part the Parties' cross summary judgment motions and, in doing so, resolved Defendant's April 24, 2019 Objection to this Court's April 10, 2019 Order on Plaintiff's Motion for Sanctions. (Doc. No. 184.) As to the latter, Judge Moskowitz overruled all of Defendant's objections to this Court's Order and affirmed the Court's April 10, 2019 Order in its entirety. (*See id.*)

Judge Moskowitz went further as he found "American General's actions in regard to the Rule 30(b)(6) deposition of Ms. Miller to be intolerable." (*Id*., 19:5-6.) Consequently, Judge Moskowitz ordered Defendant to designate an additional Rule 30(b)(6) witness for deposition and added that the "costs and fees incurred by Plaintiff in preparing for and taking the deposition shall be paid by American General." (*Id*., 19: 26-27.)

Defendant subsequently complied with Judge Moskowitz's Order and designated Kyle Jennings, Defendant's chief compliance officer, for deposition ("Jennings Deposition"). Jennings appeared for deposition on May 6, 2021 and on June 11, 2021. In connection with the Jennings Deposition, Plaintiff now seeks a fee award of $28,307.50 and an award of costs in the amount of $5,703.07. (Doc. No. 248, 2:27-28.) Both Parties have briefed the Court on their respective positions regarding Plaintiff's requests for attorney's fees and costs as to both the Miller and Jennings depositions. (Doc. Nos. 248, 249.) Plaintiff's Motion is now ripe for this Court's adjudication.

### III. LEGAL STANDARD

Rule 37(b)(2)(A) provides that "[i]f a party ... fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Instead of, or in addition to, these sanctions, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure to obey. Fed. R. Civ. P. 37(b)(2)(C); *Youngevity Int'l, Corp. v. Smith*, 2019 WL 1542300, at *6 (S.D. Cal. Apr. 9, 2019). Importantly, "by the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge." *Popescu v. City of San Diego*, 2017 WL 747940, at *3 (S.D. Cal. Feb. 27, 2017) (citing *O'Connell v. Fernandez–Pol*, 542 Fed.Appx. 546, 547-48 (9th Cir. 2013) and *Craig v. Far West Eng'g Co.*, 265 F.2d 251, 260 (9th Cir. 1959).). "Overall, sanctions imposed under Rule 37 should deter the [disobedient party's] conduct and remedy any prejudice it caused the [obedient party]." *Id*.; *S. Cal. Stroke Rehab. Assocs. v. Nautilus*, 2010 WL 2998839, at *2 (S.D. Cal. July 29, 2010).

## IV. DISCUSSION

The Court analyzes Plaintiff's Motion for Attorney's Fees and Costs as to the Miller and Jennings Depositions consistent with the Ninth Circuit's lodestar method for assessing such requests. Under the lodestar method, the number of hours reasonably expended is multiplied by a reasonable hourly rate, which is determined by the "prevailing market rates in the relevant community." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013); *see also Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). Under this two-prong framework, the Court first examines the reasonableness of Plaintiff's counsel's hourly billing rates, and then turns to the number of hours Plaintiff's counsel expended for purposes of both depositions.

### a. Reasonableness of Plaintiff's Counsel's Hourly Billing Rate

As the moving party in this matter, Plaintiff bears the burden of establishing her attorneys' hourly billing rates align with the prevailing market rates within this District Court. *Roberts v. City & County of Honolulu*, 938 F.3d 1020, 1025 (9th Cir. 2019) (stating "it is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate"); *Herring Networks, Inc. v. Maddow*, 2021 WL 409724, at *4 (S.D. Cal. Feb. 5, 2021) (citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (a party moving for an award of attorney's fees must show the reasonableness of counsel's hourly rate by establishing "the prevailing hourly rate in that community for similar services by lawyers of reasonably comparable skill, experience and reputation").).

The Court finds Plaintiff has failed to meet her burden as to the first prong of the Court's lodestar method inquiry. The Declaration of Jack B. Winters, Jr. ("Winters Declaration"), submitted in support of Plaintiff's Motion, merely states "Declarant is of the professional opinion that the fees and expenses incurred… were reasonable and were necessarily incurred…" (Doc. No. 248, Exhibit ("Exh. 2") ¶ 9.) Beyond offering this conclusory assertion, the Winters Declaration fails to set forth Plaintiff's counsel's legal skills and experience level and how these metrics translate to the hourly billing rate of $650 for Jack B. Winters (California State Bar Number ("SBN") 82998 and $350 for Sarah Ball

(California SBN 292337) in the context of the prevailing hourly billing rates for attorneys with comparable backgrounds within this District Court.

Notwithstanding Plaintiff's light-handed approach to meeting her burden, the Court finds both Winters and Ball's hourly billing rates reasonable. The Court's finding is informed by: (1) Winters and Ball's state bar numbers combined with their demonstrated ability to litigate this contentious action, which has been rife with substantive legal issues and discovery disputes, since 2017; (2) Plaintiff's willingness to apply a 50 percent reduction to both Winters and Ball's hourly rates; (3) Defendant's non-opposition to either Winters or Ball's hourly billing rates; and (4) opinions from this District approving comparable and greater hourly billing rates for attorneys practicing in this District. *LG Corp. v. Huang Xiaowen*, 2017 WL 3877741, at *3 (S.D. Cal. Sept. 5, 2017) (finding reasonable partner's hourly billing rate of $895 and associate's hourly billing rate of $488 for work performed in 2017); *NuVasive, Inc. v. Alphatec Holdings, Inc.*, 2020 WL 6876300, at *3 (S.D. Cal. Mar. 20, 2020) (finding reasonable partner's hourly billing rate of $1,005 and other attorneys' rates of $860 and $885 for work performed in this District); *Sea Prestigio, LLC v. M/Y Triton*, 2014 WL 497278, *5 (S.D. Cal. Feb. 6, 2014) (finding senior partner billing rate of $500 to be reasonable); *Brighton Collectibles, Inc. v. Pedre Watch Co., Inc.*, 2014 WL 29008, *6-8 (S.D. Cal. Jan. 2, 2014) (finding lead attorney billing rate of $675 to be reasonable).

Accordingly, the Court finds Winters and Ball's respective hourly rates of $650 and $350 reasonable. Further, consistent with Plaintiff's Motion, the Court applies a 50 percent reduction to Winter and Ball's hourly billing rates. Thus, for purposes of calculating Plaintiff's award of attorney's fees for both the Miller and Jennings Depositions, the Court shall apply an adjusted hourly rate of $325 for Winters and an adjusted hourly rate of $175 for Ball. With this in mind, the Court next turns to assessing the reasonableness of the time Winters and Ball report to have worked in connection with the Miller and Jennings Depositions.

///

**b. Reasonableness of Plaintiff's Counsel's Number of Hours Expended**

As with the first prong of the Court's lodestar method analysis, Plaintiff bears the burden to prove she has met the second prong regarding the reasonableness of her attorneys' number of hours worked in connection with the Miller and Jennings Depositions. To this end, under Rule 37(a), "hours actually expended in the litigation are not to be disallowed without a supporting rationale." *Orthopaedic Hosp. v. Encore Med., L.P.*, 2021 WL 5449041, at *12–14 (S.D. Cal. Nov. 19, 2021) (citing *Shaw v. Ultimate Franchises*, 2020 WL 5539963, at *3 (C.D. Cal. Aug. 25, 2020) and *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). At all times, the Court "has a great deal of discretion in determining the reasonableness of the fee[,]" including "the reasonableness of the hours claimed by the prevailing party." *Id.*; *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

In her Motion, Plaintiff reports that (1) Winters expended 96.2 hours in connection with the Miller Deposition; (2) Winters expended 48.95 hours in connection with the Jennings Deposition; and (2) Ball expended 60.4 hours in connection with the Miller Deposition. In relevant part, Defendant argues that, because the Miller Deposition lasted "just under 4 ½ hours" and the Jennings Deposition lasted "less than 8 ½ hours," Plaintiff's counsel's reported hours worked in connection with the two depositions are unreasonable. (Doc. No. 249, 4:4-7.) The Court agrees with Defendant for discrete reasons, namely certain timekeeping entries attributed to Winters and Ball are (1) excessive in considering the nature of the legal work performed; (2) excessive in considering the purely administrative nature of the work performed; and (3) too broadly or vaguely written to permit the Court to opine on the reasonableness of the reported hours worked. The Court explains each of these three reasons and incorporates citations to each problematic timekeeping entry below.

/ / /

/ / /

/ / /

### i. Excessive Legal Work

The following timekeeping entries reflect what the Court finds to be excessive in light of the nature of the legal work performed:

**<u>Winters' Timekeeping Entries as to the Miller Deposition:</u>**

- **November 12, 2018**: "Receive, review lengthy Frost letter re depo refusal; review file re same" for **0.5 hours**

- **December 18, 2018**: "First run-through notes; review Motion" for **0.5 hours** after already expending 0.5 hours on that same day to "Receive, review Memo/Notes from Associate S. Ball on Motion for Protective Order"

- **December 19, 2018**: "Pull, review Gallo Rules on motions; reference law re same" for **0.5 hours** after already expending 4 hours on December 18, 2018 to, in part, conduct research in connection with drafting Plaintiff's Opposition to Motion for Protective Order

- **December 19, 2018**: "Receive, review Assoc. Ball's draft Opposition; begin edits" for **1.0 hours** after already expending (1) 2 hours on December 17, 2018 to "Receive, begin prep for Response to new Motion for Protective Order; draft points to be raised in meet and confer or Opposition; draft memo re same;" and (2) 4 hours on December 18, 2018 to "Continue prep of 1st draft Opposition to Motion for Protective Order; research same; review prior depo and argument in original objection"

- **December 20, 2018**: "Continue prep of draft Opposition; draft new version; review new Assoc. Ball's edits" for **2.0 hours** in light of December 17-18, 2018 timekeeping entries noted immediately above

- **December 26, 2018**: "Review court Order re dates; review file; coordinate potential available dates; draft letter to counsel re dates and depos locations" for **2.0 hours**

- **December 31, 2018:** "Receive, review Order Denying Motion for Protective Order" for **1.0 hours**

- **April 16, 2019:** "Draft Declaration re: Fees/ Costs" for **3.0 hours**

Given the above, the total hours the Court finds excessive for Winters' legal work in connection with the Miller Deposition is equivalent to **10.5 hours**.

### Winters' Timekeeping Entries as to the Jennings Deposition:

- **December 8, 2020**: "Office Prep for Deposition/Review and complete Outlines and collection of exhibits, etc." for **1.5 hours** after already expending 2.5 hours on December 3, 2020 for "Gene[r]al Prep and review for deposition/Memo and outline; 2.0 hours on December 6, 2020 "Prep Cheat Sheet/review and edit outlines/ review previous deposition/ order of court/etc.;" and 2.0 hours on December 7, 2020 for "Prep for Depo/work on outline-advice of counsel line/ review cn questions"

- **December 9, 2020**: "In office for final review deposition prep" for **2.0 hours** in view of preparatory work as outlined immediately above

- **April 27, 2021**: "Pull up old Prep/ begin reorganization/ prep for May dep" for **2.0 hours** in view of preparatory work as outlined above

- **May 5, 2021**: "Prep/Review of Previous/Update Outlines for **3.0 hours** in view of preparatory work as outlined above

Given the above, the total hours the Court finds excessive for Winters' legal work in connection with the Jennings Deposition is equivalent to **8.5 hours**.

### Ball's Timekeeping Entries as to the Miller Deposition:

- **December 20, 2018**: "Edit draft of Opposition to Motion for Protective Order" for **2.8 hours** after already expending 2.3 hours on December 19, 2018 to "Research, begin draft, prep exhibits to Opposition for Motion for Protective Order and 1.9 hours on that same day to "Edit draft from Atty Winters for Opposition to Motion for Protective Order," particularly after Winters reported working at least 9.0 hours between December 17 and 20, 2018 to draft, edit, and finalize Plaintiff's Opposition to the Motion for Protective Order

Given the above, the total hours the Court finds excessive for Ball's legal work in connection with the Miller Deposition is equivalent to **2.8 hours**.

### ii. Winter and Ball's Administrative Work

"Non-compensable administrative tasks include filing, document organization, and instructing administrative staff on how to perform clerical tasks." *Kries v. City of San Diego*, 2021 WL 120830, at *11 (S.D. Cal. Jan. 13, 2021) (internal citations omitted); *House v. FCA US LLC*, 2020 WL 12702545, at *3 (S.D. Cal. Nov. 17, 2020) (stating "the Court agrees that Plaintiff's counsel may not be compensated for purely clerical and administrative tasks."). To that end, Ninth Circuit case law makes clear "a fee award should not include time spent on clerical matters, whether billed at an attorney's or paralegal's hourly rate." *Herring Networks, Inc.*, 2021 WL 409724, at *10 (S.D. Cal. Feb. 5, 2021) (citing *Lewis v. Cnty. of San Diego*, 2017 WL 6326972 at *8 (S.D. Cal. Dec. 11, 2017), aff'd, 798 F. App'x 58 (9th Cir. 2019)); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (observing that courts within the Ninth Circuit have discounted billing entries for purely "clerical tasks"); *see also Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (noting "[i]t is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available.").

Regarding Winters' timekeeping entries as to the Miller Deposition and their administrative nature, the Court finds excessive Winters' **December 14, 2018** work to "Prep, receive emails re booking" the Miller deposition for **0.2 hours** and Winters' **December 27, 2018** work to "Receive Motion for Leave to File Surrebuttal" for **0.2 hours**. Regarding Winters' timekeeping entries as to the Jennings Deposition and their similarly administrative nature, the Court finds excessive Winters' **April 30, 2021** work to "Review new production for deposition/ make copies/ prep exhibits" for **1.5 hours**. Accordingly, the Court finds excessive for Winters' administrative work in connection with both the Miller and Jennings Depositions is equivalent to **1.9 hours**.

/ / /

Regarding Ball's timekeeping entries, the Court finds excessive Ball's **January 29, 2019** work to "Compile all relevant documents for R. 37 motion hearing" for **1.5 hours** after Ball already expended 2.5 hours on January 29, 2019 to "gather exhibits for R.37 motion" and 2.8 hours on January 30, 2019 to "draft index of objections for Miller depo for R. 37 Motion, continue prep," given the administrative nature of the work.

Given the unanimity across the Ninth Circuit that administrative work is not compensable, the Court reduces Winters' time by 1.9 hours and Ball's time for 1.5 hours for seeking fees for administrative work.

### iii.  Overly Broad and Vague Timekeeping Entries

The following timekeeping entries reflect what the Court finds to be so **overly broad and vague** that the reasonableness of the hours counsel reportedly worked cannot be assessed: Winters' timekeeping entries as to the Miller Deposition on (1) **November 12, 2018** to "T/c email C re meet and confer" for **0.5 hours**; and (2) **January 7, 2019** to "Draft, compile info in Memo form for meet and confer; pull, review prior transcripts, motions" for **5.0 hours**. Given these two timekeeping entries, the total hours the Court finds overly broad and vague for Winters' work in connection with the Miller Deposition is equivalent to **5.5 hours**.

### iv.  Travel Time

Finally, the Court agrees with Defendant that Plaintiff's counsel's travel time is not reasonably compensable at Winters' hourly billable rate of $650 and Ball's hourly billable rate of $350. Courts within the Ninth Circuit have frequently reduced travel time by half to create a reasonable rate. *Celestine v. FCA US LLC*, 2019 WL 4274092, at *7 (E.D. Cal. Sept. 10, 2019) ("find[ing] the travel time for [counsel] is subject to a fifty-percent reduction") (citing *In re Washington Public Power Supply Sys. Sec. Lit.*, 19 F.3d 1291, 1298 (9th Cir. 1994) (affirming district court's reduction of attorney travel time by half where the "attorneys generally billed the entire duration of the time spent in transit")); *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993) (affirming a reduction by half of the hourly rate for time billed for travel); *S. Yuba River Citizens League & Friends of the River*

*v. Nat'l Marine Fisheries*, 2012 WL 1038131, at *5 (E.D. Cal. Mar. 27, 2012) (finding the attorney travel time was "subject to a 50% reduction"); *Wishtoyo Found. v. United Water Conservation Dist.*, 2019 U.S. Dist. LEXIS 39927 (C.D. Cal. Mar. 5, 2019).

      Given the consensus within the Ninth Circuit and lower district courts that a fifty-percent reduction should apply to counsel's travel time, the Court finds the Plaintiff's counsel's willingness to apply a fifty-percent reduction to their hourly billable rates accounts for the travel time reduction that the Court would have applied to Winters and Ball's standard hourly billable rates of $650 and $350, respectively. The Court declines to apply an additional fifty-percent reduction of Winters and Ball's already-adjusted hourly billable rates of $325 and $175, particularly in light of Plaintiff's counsel's agreement to a discounted rate and the additional reductions the Court has made in throughout this Order. *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2020 WL 2086368, at *8 (N.D. Cal. Apr. 30, 2020) (exercising discretion to not apply a fifty-percent reduction to travel time where "the Court has already substantially reduced the hours associated with [counsel's travel time for mediation and a case management conference] and it would be difficult to parse the remainder between preparation, attendance, and travel").

      In light of the Court's comprehensive review of the Parties' respective submissions and line-by-line review of Winters and Ball's timekeeping and billing records, the Court finds all other hours recorded by Winters and Ball in connection with the Miller and Jennings Deposition are reasonable, fair, and appropriate. *Herring Networks, Inc.*, 2021 WL 409724, at *4 (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").

///

///

///

### c. Plaintiff's Costs in Connection with the Miller and Jennings Depositions

Plaintiff requests costs in the amount of $7,868.28 for purposes of the Miller Deposition and $5,703.07 for purposes of the Jennings Deposition. Collectively, these costs are attributed to deposition transcripts, court-reporting and videotaping services, and parking. The Court finds the nature of these costs are in line with costs that have been awarded in other cases in this District. *Ford v. CEC Entm't Inc.*, 2015 WL 11439033, at *6 (S.D. Cal. Dec. 14, 2015) (finding costs such as "court fees, court reporter charges, delivery and messenger charges, investigators, and travel expenses" would be billed separately from hourly fees and awarding requested $7,888.92); see also *Smith v. Aetna Life Ins. Co.*, 2020 WL 6055147, at *12 (S.D. Cal. Oct. 14, 2020) (citing *Left Coast Wrestling, LLC v. Dearborn Int'l LLC*, 2018 WL 2948532, at *2 (S.D. Cal. June 12, 2018) ("Copy, courier, and legal research fees have been awarded by the Ninth Circuit.")); *Thalheimer v. City of San Diego*, 2012 WL 1463635, at *9 (S.D. Cal. Apr. 26, 2012) (awarding costs for "telephone charges, copies, filing fees, courier and mailing fees, and internet research"); *Matlink, Inc. v. Home Depot U.S.A., Inc.*, 2008 WL 8504767, at *6-7 (S.D. Cal. Oct. 27, 2008) (allowing delivery fees and electronic research costs as expenses recoverable on attorneys' fees motion).). Given Defendant's non-opposition to Plaintiff's bill of costs for both the Miller and Jennings Depositions, the Court finds reasonable Plaintiff's request for an award of costs amounting to a total of $13,571.35.

### V.  CONCLUSION

In light of the foregoing, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorney's Fees and Costs. As discussed, the Court applies an hourly billable rate of $350 to Winters and $175 to Ball in assessing the following fee award in Plaintiff's favor:

/ / /

/ / /

/ / /

| Counsel | Deposition | Hours Billed | Reduction for Excessive Legal Work | Reduction for Administrative Work | Reduction for Overly Broad and Vague Timekeeping Entries | Adjusted Hours |
|---|---|---|---|---|---|---|
| **Winters** | Miller: | 48.95 | -10.5 | -0.4 | -5.5 | 32.55 |
| | Jennings: | 96.2 | -8.5 | -1.5 | N/A | 86.2 |
| **Winters' Total:** | | | | | | **118.75** |
| | | | | | | |
| **Ball** | Miller: | 60.4 | -2.8 | N/A | N/A | 57.6 |
| **Ball's Total:** | | | | | | **57.6** |

In sum, the Court reduces Winters' requested 48.95 hours for the Miller Deposition to 32.55 hours and Winters' requested 96.2 hours for the Jennings Deposition to 86.2 hours to yield **118.75 adjusted hours** to be assessed at an **adjusted hourly billable rate of $350**. As such, Plaintiff shall be awarded **$41,562.50** for Winters' legal services in connection with both the Miller and Jennings Depositions. In turn, the Court reduces Ball's requested 60.4 hours for the Miller Deposition to **57.6 hours** to be assessed at an **adjusted hourly billable rate of $175**. As such, Plaintiff shall be awarded **$10,080.00** for Ball's legal services in connection with the Miller Deposition. Accordingly, the Court ORDERS Defendant to pay a total of **$51,642.50** to Plaintiff for her attorney's fees incurred in connection with the Miller and Jennings Depositions **no later than thirty (30) days from the date of this Order's issuance**.

Further, **no later than thirty (30) days from the date of this Order's issuance**, the Court ORDERS Defendant to pay a total of **$13,571.35** to Plaintiff for her $7,868.28 of costs incurred in connection with the Miller Deposition and $5,703.07 of costs incurred in

/ / /

/ / /

connection with the Jennings Deposition, which Defendant does not oppose to any extent in its motion practice here.

**IT IS SO ORDERED**.

Dated: August 19, 2022

_____
Hon. William V. Gallo
United States Magistrate Judge