UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE L. MORIARTY, as Successor-In-Interest to Heron D. Moriarty, Decedent, on Behalf of the Estate of Heron D. Moriarty, and on Behalf of the Class,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.: 3:17-cv-1709-BTM-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>**[ECF NO. 222]** |

Pending before the Court is Plaintiff's motion for class certification. (ECF No. 222) For the reasons discussed below, the motion will be denied.

## I.  BACKGROUND

In 2012, Plaintiff's husband, Heron D. Moriarty, took out a term life insurance policy with Defendant American General Life Insurance Company. (ECF No. 18 ("FAC"), ¶ 15; ECF No. 135 ("Def.'s MSJ"), 2:3–6)  On March 24, 2016, American General was unable to process Mr. Moriarty's automatic monthly payment because the associated bank account was closed. (FAC ¶ 27; Def.'s MSJ, 2:23–3:2)  On

1

3:17-cv-1709-BTM-WVG

May 22, 2016, American General terminated the policy as of the date of the lapsed payment: March 20, 2016. (Def.'s MSJ, Exh. 13)

Mr. Moriarty passed away on May 31, 2016. (*Id.* at Exh. 14) On June 22, 2016, Plaintiff submitted a claim on Mr. Moriarty's life insurance policy. (*Id.* at Exh. 16) On July 6, 2016, American General denied the claim because the policy had allegedly terminated as of March 20, 2016, which was prior to Mr. Moriarty's death. (*Id.* at Exh. 17)

On October 19, 2017, Plaintiff filed an amended complaint on behalf of herself and a purported class of similarly situated individuals, asserting claims for (1) declaratory and injunctive relief; (2) breach of contract: (3) bad faith; (4) negligence; and (5) violation of the California Business & Professions Code (CB&PC).[1] (ECF No. 18) Plaintiff's primary argument is that American General failed to comply with sections of the California Insurance Code (which went into effect on January 1, 2013) requiring insurers to (1) give policy holders a sixty-day grace period before canceling a policy, (2) inform policy holders of their right to designate at least one person to receive notice of the insurer's intent to terminate coverage due to nonpayment, and (3) provide written notice to the policy holder and any named designee at least 30 days before a scheduled termination date. *See generally* (ECF Nos. 18, 134, 220, 222); Cal. Ins. Code §§ 10113.71, 10113.72.  Because American General failed to comply with those sections, Plaintiff argues, American General's termination of the policy was invalid and Plaintiff's right to benefits enforceable. *See generally* (ECF Nos. 18, 134, 220, 222)

The Court has already made several pertinent rulings in this matter. Among

---

[1] Plaintiff's CB&PC claims are not germane to this motion because the Court dismissed or reserved those claims. On October 2, 2020, the Court dismissed Plaintiff's Unfair Competition Law (UCL) restitution claim against American General and reserved Plaintiff's UCL injunction claim against American General for remand at the end of the case. (ECF No. 184 at 13-14) On March 27, 2020, the Court dismissed Plaintiff's UCL claims against Defendant Bayside Insurance Associates, Inc. (ECF No. 180 at 6)

other decisions, the Court ruled that American General complied with the statutory sixty-day grace period; that American General failed to provide Mr. Moriarty with the statutory notice of his right to designate someone to receive a notice of termination; that American General failed to provide proper notice of its intent to terminate the policy; that summary judgment was not warranted for Plaintiff's breach-of-contract claims; and that American General was entitled to summary judgment on Plaintiff's declaratory judgment claim.  (ECF Nos. 184 & 250)

While this suit was pending, the California Supreme Court decided whether the statutory provisions at issue apply to insurance policies issued before the provisions went into effect.  In *McHugh v. Protective Life Ins. Co.*, the California Supreme Court held that sections 10113.71 and 10113.72 of the California Insurance Code "apply to all policies in effect as of the sections' effective date," that is, January 1, 2013.  494 P.3d 24, 45 (Cal. 2021).

## II.  ARGUMENTS[2]

Plaintiff's main argument for class certification is simple.  In her view, the answer to two questions – whether the statutory provisions apply to policies issued before January 1, 2013 and, if so, whether the failure to comply with those provisions voids the termination of a policy – will drive this litigation and essentially resolve her claims and those of the class members.  (ECF No. 222).  If the failure to comply with those provisions is sufficient to prove breach of contract, the argument goes, then the resolution of that legal question will essentially resolve every claim a class member has.  (*Id.*)  As such, Plaintiff argues, the Court should certify a class to resolve those questions.  (*Id.*)  Plaintiff seeks certification of the following class:

> All owners, or beneficiaries upon a death of the insured, of Defendant's individual life insurance policies that were renewed, issued, or delivered by Defendant in California,

---

[2] This section summarizes the parties' arguments and does not include every detail of their arguments.

> and in force on January 1, 2013, and which underwent or will undergo lapse or termination for the non-payment of premium without Defendant first providing all of the notices, grace periods, and offers of designation required by Insurance Code Sections 10113.71 and 10113.72.

(*Id.* at 2:10-14, 3:9-13)

In turn, American General argues (among other things) that individual questions – driven by idiosyncratic policies and questions regarding breach and causation – will predominate over any common question; that California law will not apply to various class members; that the class is overbroad and includes policy holders who do not yet have breach-of-contract claims; that Plaintiff's case is atypical compared to the proposed class; and thus that a class action is an inefficient mechanism to resolve this action. (ECF No. 226)

## III.  LEGAL STANDARD

A class action is an "exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979). The party seeking class certification bears the burden of satisfying each of the four requirements of Federal Rule of Civil Procedure 23(a) – numerosity, commonality, typicality, and adequate representation – and at least one requirement of Rule 23(b). *Willis v. City of Seattle*, 943 F.3d 882, 885 (9th Cir. 2019). Rule 23(b) asks (1) if the decision not to certify a class would prejudice the defendant by application of "incompatible standards" or prejudice nonparties; (2) whether the defendant has acted or refused to act in a way common to the class, such "that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole"; or (3) "whether questions of law or fact common to class members predominate over any questions affecting only individual members, [such] that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

## IV. DISCUSSION

Plaintiff's claim is fundamentally different than the claims of the proposed class members. Plaintiff's breach-of-contract claim is a claim for damages, for the benefits of the life insurance policy. Most members of the proposed class, in contrast, do not have claims for damages. Indeed, in her reply brief, Plaintiff admits that most members of the proposed class are still alive and are not entitled to damages, but instead can only seek reinstatement of their policies. (ECF No. 235, 8:21-28)

Plaintiff has failed to satisfy Rule 23(b) because the relief she is seeking – damages – is fundamentally different than the equitable relief the proposed class members would be seeking.[3] First, Plaintiff has not sought class certification under Rule 23(b)(1), and the Court agrees that it is inapplicable because denying certification would not prejudice American General or nonparties. *See generally* Fed. R. Civ. P. 23(b)(1).

Second, Plaintiff has failed to satisfy Rule 23(b)(2). The Court has already rejected Plaintiff's declaratory judgment claim. As such, Plaintiff does not have a pending claim for equitable relief and cannot represent class members who would be asserting claims for equitable relief. *See Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief."); *see also Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) ("Standing must be shown with respect to each form of relief sought, whether it be injunctive relief, damages or civil penalties.").

Further, because Plaintiff's primary claim is for damages, for the insurance benefits, certification under Rule 23(b)(2) is inappropriate. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (holding that claims primarily for damages may

---

[3] The Court recognizes that Plaintiff brought an injunction claim under the UCL, but the Court previously determined that (1) it lacks jurisdiction over that claim and (2) the claim is reserved for the conclusion of the matter for a possible remand to state court. (ECF No. 250, 10:16-12-25)

not be certified under Rule 23(b)(2)); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001) ("Rule 23(b)(2) certification is inappropriate where the primary relief sought is monetary."); *see also O'Connor v. Boeing North Am., Inc.*, 180 F.R.D. 359, 377 (C.D. Cal. 1997) ("Certification of a class action under Rule 23(b)(2) is appropriate only where final injunctive or declaratory relief with respect to the class as a whole is appropriate. Thus, Rule 23(b)(2) class treatment is unavailable where the primary relief sought by the class is monetary damages."); *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 657 (C.D. Cal. 1996) ("Rule 23(b)(2) treatment is clearly unavailable where the principal relief sought is money damages.").

Plaintiff has no equitable claim to pursue. She cannot represent a class comprised primarily of policy holders who would only be seeking equitable relief. Plaintiff's argument is creative, but certification would be inconsistent with – at the very least – *Wal-Mart*, 564 U.S. at 360; *Zinser*, 253 F.3d at 1195; and *Hodgers-Durgin*, 199 F.3d at 1045. Simply put, Plaintiff's proposed class action is fundamentally flawed because she is seeking damages and has no claim for equitable relief, whereas the proposed class members have no damages and would be seeking equitable relief. Plaintiff failed to satisfy Rule 23(b)(2).

Plaintiff has also failed to satisfy Rule 23(b)(3). It would be misguided to certify a damages class where most class members have no damages. *See generally Siino v. Foresters Life Ins. & Annuity Co.*, 340 F.R.D. 157, 160 (N.D. Cal. 2022) (denying similar class certification motion because the plaintiff failed "to identify a damages model capable of measuring damages on a classwide basis"); *Owen v. Regence Bluecross Blueshield*, 388 F. Supp. 2d 1318, 1334 (D. Utah 2005) ("[T]he proposed definition of the class is overbroad because many of the proposed class members have suffered no damages.").

In fact, a primary purpose of certifying a class action under Rule 23(b)(3) is to expedite damage claims on behalf of the class. *See generally Comcast Corp.*

*v. Behrend*, 569 U.S. 27, 34-35 (2013) (holding that courts must consider proposed damages models when ruling on class certification and that courts must conduct rigorous analysis when assessing whether a party's liability theory matches its damages theory); *see also Castillo v. Johnson*, 853 Fed. Appx. 125, 126 (9th Cir. 2021) ("The party seeking class certification under Rule 23(b)(3) must 'affirmatively demonstrate' the proposed class shares a common theory of liability as to each element of the cause of action." (quoting *Comcast*)); *Kline v. Coldwell, Banker & Co.*, 508 F.2d 226, 233-34 (9th Cir. 1974) (explaining that "the potential benefit" of class certification under Rule 23(b)(3) is the aggregation of many claims seeking small amounts in damages).

Plaintiff's proposed class is also flawed because the class definition is too broad. The proposed class covers policies that have not even been terminated yet and certainly includes policy holders who have known for years that American General terminated their policies. Thus, the proposed class raises too many individual questions, such that common questions do not predominate. *See* Fed. R. Civ. P. 23(b)(3); *see also Castillo v. Bank of Am., NA*, 980 F.3d 723, 730 (9th Cir. 2020) (instructing that, "[t]o ensure that common questions predominate over individual ones," courts must "ensure that the class is not defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct" (quoting *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1138 (9th Cir. 2016)); *see also Riffey v. Rauner*, 910 F.3d 314, 319 (7th Cir. 2018) (affirming denial of class certification in part because individualized inquiries would be required to assess whether class members were even harmed).

And based on how broad the proposed class is, there are certainly going to be "difficulties in managing a class action." *See* Fed. R. Civ. P. 23(b)(3). Certifying the proposed class would be inefficient and not "superior to other available methods for fairly and efficiently adjudicating the controversy." *See* id. In short,

Rule 23(b)(3) has not been satisfied.

While Plaintiff argues that this Court could certify limited issues pursuant to Federal Rule of Civil Procedure 23(c)(4), Plaintiff's proposed class, even for limited issues, would still need to "satisfy at least one of the three requirements listed in Rule 23(b)." *See Wal-Mart*, 564 U.S. at 345. But for the reasons explained – Plaintiff has not satisfied one of those requirements.

In sum, certifying Plaintiff's proposed class would be inconsistent with Rule 23. Plaintiff cannot represent a class comprised primarily of policy holders seeking equitable relief because she has no equitable claim to pursue. She is seeking damages, but most class members would not be. In any case, the proposed class raises too many individual questions because it is too broad. Plaintiff failed to satisfy Rule 23. Class certification is not a superior mechanism for the fair, efficient resolution of this controversy.

The Court could theoretically modify Plaintiff's proposed class definition to include only those policy holders or beneficiaries who have damage claims, *see generally Ruzhinskaya v. Healthport Techs., LLC*, 311 F.R.D. 87, 108 (S.D.N.Y. 2015) ("The Court has authority sua sponte to modify a proposed class definition."), but the Court is not required to do so, *see United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 408 (1980) (providing that district courts are not required to modify proposed classes sua sponte). The Court declines to do so without briefing on the question. The Court has substantial concerns as to whether the issues of the individual claims such as actual damages and causation would predominate. The Court recognizes that Plaintiff sees the issue as a simple one of failure to comply with the Statutes results in the policy not lapsing and upon death, the benefit is payable. The Court respectfully disagrees, and since this issue is fairly debatable, it may ultimately have to be resolved on appeal.

### V.  CONCLUSION

For the reasons stated, Plaintiff's motion for class certification is **denied**

without prejudice. Counsel shall appear at a status conference on October 12, 2022 at 4 PM to set a trial date in January 2023.

**IT IS SO ORDERED**.

Dated: September 27, 2022

_____
Honorable Barry Ted Moskowitz
United States District Judge