UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE L. MORIARTY, as Successor-In-Interest to Heron D. Moriarty, Decedent, on Behalf of the Estate of Heron D. Moriarty, and on Behalf of the Class,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.: 3:17-cv-1709-JO-WVG<br><br>**ORDER (1) GRANTING MOTION FOR LEAVE TO FILE FOR CLASS CERTIFICATION; (2) GRANTING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL; AND (3) STAYING CASE**<br><br>**[Dkts. 310 & 311]** |

Plaintiff Michelle Moriarty sued Defendant American General Life Insurance Company for breach of contract after Defendant refused to pay the life insurance benefits on her husband's policy. Following the Court's order granting Plaintiff summary judgment on her breach-of-contract claim, Plaintiff requested leave to file another class-certification motion after her previous motions were denied. Dkt. 310. Defendant American General Life Insurance Company opposes this request. Dkt. 315. In the event, however, that the Court permits Plaintiff to file another class certification motion and thereby prolongs this litigation, Defendant requests that the Court certify its summary judgment order for interlocutory appeal. Dkt. 311. For the reasons discussed below, the Court will grant both motions and stay the case pending the resolution of Defendant's appeal of its summary judgment order.

**A. Motion for Leave to File an Additional Class Certification Motion**

As Defendant's request to certify the summary judgment order for interlocutory appeal depends on whether the Court permits Plaintiff to file a new class certification motion, the Court will first examine the latter issue. The trial court has discretion over the filing of class certification motions. *Davidson v. O'Reilly Auto Enters., LLC*, 968 F.3d 955, 962–64 (9th Cir. 2020). When assessing whether a party can move for class certification, district courts should not be "inflexible" and should not deny "a party a reasonable opportunity to obtain a ruling on the merits of a motion for class certification." *Id.* at 963–64. Because the deadline for filing class certification motions has passed, Plaintiff must also establish that she had good cause not to file this motion before the deadline. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992) ("Orders entered before the final pretrial conference may be modified upon a showing of 'good cause.'").

To determine whether Plaintiff's request to file another class certification motion at this late date is reasonable, the Court reviews the procedural history of this case. Plaintiff's first class-certification motion was deferred for non-substantive reasons. On November 25, 2020, the Court denied Plaintiff's first class-certification motion without a ruling on the merits because the Court wanted to wait for the California Supreme Court to decide whether Insurance Code Sections 10113.71 and 10113.72 apply to policies issued before the sections went into effect. Dkt. 190. Because Mr. Moriarty purchased the life insurance policy at issue here before the sections went into effect, that question needed to be resolved for the case to proceed. After the California Supreme Court decided in *McHugh v. Protective Life Ins. Co.*, 494 P.3d 24, 45 (Cal. 2021), that these Insurance Code provisions apply to all policies in force when the provisions went into effect, Plaintiff filed a second motion for class certification on February 7, 2022. Dkt. 222.

The Court denied this second motion without prejudice based primarily on the fact that Plaintiff proposed an overbroad class. Dkt. 253. The Court found that Plaintiff failed to satisfy the requirements for class certification because many members of the proposed

class were still alive and thus would not be seeking the same damages Plaintiff was seeking—that is, the policy amount. *Id.* On September 7, 2022, the Court also denied summary judgment on Plaintiff's breach-of-contract claim.[1] Dkt. 252. The Court ruled that while Defendant failed to terminate Mr. Moriarty's policy in accordance with Sections 10113.71(b) and 10113.72(c), triable issues of fact regarding causation precluded summary judgment. *Id.* Specifically, the Court ruled that a jury needed to determine "whether certain of [Defendant]'s violations of the [sections] 'actually caused damage to Plaintiff,' 'whether Plaintiff had actual notice of a lapsed policy payment,' and 'whether Plaintiff would have been Mr. Moriarty's § 10113.72 designee.'" *Id.* at 4. While not the basis of the Court's holding when denying class certification, the Court noted that those causation issues would likely also present individualized issues for all class members precluding class certification. Dkt. 253 at 8.

Plaintiff now seeks to bring another class certification motion proposing a narrowed class—beneficiaries of deceased policy holders—with the same kind of damages: the policy amount. Dkt. 310. Based on the procedural history of this case, the Court finds that Plaintiff had good cause to delay seeking certification of this narrowed class until after the Court's ruling reconsidering the previous denials of summary judgment on Plaintiff's breach-of-contract claim. Based on the Court's decisions denying Plaintiff's summary judgment motions on the grounds that factual issues on causation precluded summary judgment, there was little reason for Plaintiff to believe the Court would grant another motion for class certification, even with a narrowed class. Even if Plaintiff could remedy the lack of common damages by narrowing the proposed class, the individual issues on causation, as noted by the Court, would present another hurdle to meeting the commonality and superiority requirements of class certification.

The Court's subsequent decision granting Plaintiff summary judgment on her

---

[1] Judge Moskowitz presided over this case until May 2, 2023. Dkt. 298.

breach-of-contract claim changed this analysis. The Court's ruling that an insurance company's failure to terminate a policy in accordance with Insurance Code Sections 10113.71(b) and 10113.72(c) precludes a policy from lapsing obviated the need for an inquiry (either on an individual or class-wide basis) into what exactly caused the insured's failure to pay and the resulting lapse in the policy. *See* Dkt. 306. In other words, because individualized issues on causation are now unlikely to bar class certification, Plaintiff now seeks an opportunity to propose a narrowed class addressing the infirmities that previously precluded certification.

Because Plaintiff has not had a meaningful opportunity to propose this revised, narrowed class—consisting of the beneficiaries of deceased policy holders all seeking the policy amount—for class certification, the Court exercises its direction to allow her to do so now. To proceed otherwise would be "inflexible" and deny Plaintiff a ruling on the merits for this modified class. *See Davidson*, 968 F.3d at 963–64. Thus, Plaintiff's motion for leave to file a class certification motion is granted.[2]

## B. Motion to Certify Summary Judgment Order for Interlocutory Appeal

Because the Court granted Plaintiff's motion for leave to file for class certification, the Court will now turn to Defendant's motion to certify for interlocutory appeal the Court's order granting Plaintiff summary judgment on her breach-of-contract claim. A district court may certify an order for interlocutory appeal if (1) the order "involves a controlling question of law," (2) "there is substantial ground for difference of opinion" on that question, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The Court's order granting Plaintiff summary judgment satisfies all three conditions for an interlocutory appeal. The Court's holding that an insurance company's failure to

---

[2] The Court takes no position at this time on whether a motion for class certification would be barred by the one-way intervention rule. Defendant will have the opportunity to invoke that rule in response to Plaintiff's potential motion.

terminate an insurance policy in accordance with Sections 10113.71(b) and 10113.72(c) precludes a policy from lapsing was a legal conclusion that determined the outcome of the summary judgment decision (ECF No. 306); thus, it is a "controlling question of law." *See In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982) (defining a "controlling question of law" as one that "could materially affect the outcome of litigation in the district court"). Other judges, including the judge who previously presided over this case, have disagreed with this Court's analysis—demonstrating that "fair-minded jurists might reach contradictory conclusions." *See* Dkts. 184, 190, 253; *see also Reese v. BP Exploration (Alaska) Inc.,* 643 F.3d 681, 688 (9th Cir. 2011) ("A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution . . . ."); *Steen v. Am. Nat'l Ins. Co.*, 2023 U.S. Dist. LEXIS 105592, *37 (C.D. Cal. June 14, 2023) (determining that even if an insurance company failed to give an insured the opportunity to designate a third party to receive termination notices, there should be a counterfactual inquiry into whether the insured would have designated a third party).[3]

Finally, an appeal of the order will "materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). By allowing immediate appellate review of the Court's order, "protracted and expensive litigation" on Plaintiff's motion for class certification can be avoided. *See Robbins Co. v. Lawrence Mfg. Co.*, 482 F.2d 426, 429 (9th Cir. 1973) ("The Court of Appeals will grant such interlocutory review . . . where decision might avoid protracted and expensive litigation."); *see also Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (ruling that uncertainty regarding a class action claim can delay settlement and protract litigation, which is "enough

---

[3] Defendant asks this Court to take judicial notice of a state court decision also requiring such counterfactual inquiries, *Clemons v. Transamerica Premier Life Ins.*, No. CIVDS 1702068 (Cal. Super. Ct., San Bernardino Cnty., Aug. 9, 2023). Dkt. 311. The request for judicial notice is granted. In response to Plaintiff's motion for leave to file for class certification, Defendant asks this Court to take judicial notice of filings in other matters. Dkt. 315. That request for judicial notice is also granted.

to satisfy the 'may materially advance' clause of section 1292(b)"). Because all three conditions of 1292(b) are met, the Court will grant Defendant's motion to certify for interlocutory appeal the order granting Plaintiff summary judgment.[4]

The Court will also stay the case pending the resolution of the appeal to facilitate the efficient, accurate resolution of this matter and further the best interests of the Court and parties. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

For the reasons stated, (1) Plaintiff's motion for leave to file a class certification motion is GRANTED, Dkt. 310; (2) Defendant's motion to certify for interlocutory appeal the order granting Plaintiff summary judgment is GRANTED, Dkt. 311; and (3) this matter is STAYED pending the resolution of Defendant's appeal. If the Ninth Circuit accepts the appeal and reverses, then Plaintiff will not be permitted to file for class certification and the case will proceed to trial. Defendant must file an appeal within ten (10) days of the entry of this order. The parties must file a joint status report, with a proposed scheduling plan, within three (3) days of the resolution of the appeal.

**IT IS SO ORDERED**.

Dated: September 26, 2023

_____
Honorable Jinsook Ohta
United States District Judge

---

[4] While 1292(b) requires appeals "within ten days after the entry of the order," a district court, as here, "may certify the order for interlocutory appeal . . . in a separate order," and then the ten-day period runs from the date that order is entered. *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022).